24022.   CLAYTON et al., Commissioners v. TAYLOR.

SUBMITTED APRIL 12, 1967—DECIDED MAY 4, 1967.

348

*J. P. Cheney, William J. Neville,* for appellants.

*Thomas M. Odom,* for appellee.

FRANKUM, Justice. The General Assembly in 1953 (Ga. L. 1953, Nov. Sess., pp. 556-623) passed a comprehensive Act entitled, "Uniform Act Regulating Traffic on Highways." Section 107A of this Act (*Code Ann.* § 68-1707) provides as follows: "Any motor vehicle which is used on official business by any person authorized to make arrests for traffic violations in this State, or any municipality or county thereof, shall be distinctly marked on each side and the back with the name of the agency responsible therefor, in letters not less than six (6) inches in height." In 1966 (Ga. L. 1966, pp. 166, 167) this section was amended by prescribing the manner in which a motor vehicle "used by any employee of the Department of Public Safety for the purpose of enforcing the traffic laws of this state" shall be painted, marked, or equipped.

It is contended by the appellants (the county commissioners) that they have control of the property of the county under *Code* § 23-701 (1) and Ga. L. 1935, p. 110 (*Code Ann.* § 91-602); that under Ga. L. 1966, pp. 2158-2163, they were required to furnish two vehicles to the appellee, and that they furnished these two vehicles marked as required by *Code Ann.* § 68-1707.

The Court of Appeals in *Ross v. City of Lilburn,* 114 Ga. App. 428 (2) (151 SE2d 490), construed the meaning of *Code Ann.* § 68-1707 as follows: "*Code Ann.* § 68-1707 requires that motor vehicles used by the police on official business shall be marked on the back and on each side. *This is an expression of the public policy of the state that vehicles used for the purpose of traffic arrests shall be identified. . .*" (Emphasis supplied.) We think that the foregoing italicized language is the correct interpretation of the legislative intent in the enactment of this section of the Act dealing with the regulation of traffic on highways, and that the Act is applicable only in cases where vehicles are used in patrolling traffic or in making arrests for traffic violations.

The Act (Ga. L. 1966, pp. 2158-2163) providing for the salary of the Sheriff of Jenkins County, and requiring the county to furnish him necessary equipment, including two police ve-

hicles, does not give the county commissioners control over the equipment thus furnished, and there is no merit in the contention that the appellee is estopped to deny the authority of the appellants to furnish marked vehicles by reason of the fact that he has accepted benefits under this Act.

It is the right of the appellee to determine whether both vehicles will be used in patrolling traffic, or whether the duties of his office may be more competently performed by having one marked vehicle, that may be used in connection with traffic violations, and one unmarked vehicle, which may be used in making investigations. It is obvious that the investigation of many crimes could be done more effectively in a vehicle which is not easily identifiable as that used by the sheriff.

Considering Paragraph 1 of the judgment with reference to the allegations of the plaintiff's petition, the same should be construed as holding that the Sheriff of Jenkins County has the exclusive use of the vehicles furnished to him by Jenkins County under the provisions of the Act of February 28, 1966 (Ga. L. 1966, pp. 2158-2163), in the performance of official acts as Sheriff of Jenkins County. Thus construed, the trial court correctly held that the appellee has the right to the exclusive use of said vehicles in performing official acts as sheriff, and the right to remove the signs from one of the vehicles.

*Code Ann.* § 68-1707 provides how motor vehicles used in patrolling traffic or in making arrests for traffic violations shall be marked. The court erred in holding, in Paragraph 2 of its judgment, "that the Sheriff of Jenkins County, Georgia, has the right to determine how said vehicles shall be marked and used for patrolling traffic." Therefore, direction is given that Paragraph 2 of the judgment be stricken.

*Judgment affirmed with direction. All the Justices concur.*