## 74296. HOLLAND v. THE STATE.
(356 SE2d 700)

DEEN, Presiding Judge.

The appellant, Charles Holland, was convicted of violating the Georgia Controlled Substances Act, attempting to elude, speeding, reckless driving, and driving under the influence. On appeal, he contends that the trial court erred in not sequestering the state's main

prosecuting witness; that the trial court erred in not excluding the testimony of the state's crime lab witness; and that the trial court erred in failing to direct a verdict of acquittal as to the charges of reckless driving and possession of marijuana. *Held*:

1. Although the rule of sequestration was invoked by counsel for the appellant, the prosecutor called upon the trial court to exercise its discretion and allow the sheriff, who was also a witness, to remain at the prosecutor's table to assist with the presentation of the case. The trial court granted the request, which we do not find to be an abuse of discretion. *Law v. State*, 165 Ga. App. 687 (4) (302 SE2d 570) (1983).

2. OCGA § 24-9-69 provides that "[a] witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he shall finally speak from his recollection thus refreshed. . ." An employee of the state crime lab testified that he tested the substance found in the appellant's vehicle and found it to be positive for marijuana. On cross-examination, in response to defense counsel's question of whether the witness had any "personal memory or recollection of this specific case" other than through his notes, the witness acknowledged that he had to refresh his memory by reference to the official report before testifying. The witness's testimony as a whole, however, particularly with regard to his receipt and storage of the evidence until the day of the trial, sufficiently demonstrated that he was testifying not merely from the report without present recollection. The testimony thus was properly admitted. *Kelley v. State*, 169 Ga. App. 917 (7) (315 SE2d 916) (1984). It follows that the appellant's motion for directed verdict of acquittal on the marijuana possession charge, which depended upon the inadmissibility of this testimony, was properly denied.

3. The appellant was charged with driving recklessly on Georgia Highway No. 58 (U. S. Highway No. 11). He moved for directed verdict of acquittal on this charge, contending that the only evidence regarding it was the testimony that the appellant "laid drag" or "squalled" the tires on his car up to the point where he turned onto the highway and could no longer be seen. However, shortly before that, appellant's vehicle was also observed swerving and skidding on the highway in question, almost striking some boulders on the side of the road, as it first came into town. This evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of reckless driving, and the trial court properly denied the appellant's motion. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 10, 1987.

*Herbert E. Franklin, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney*, for appellee.