*George R. Rushing*, for appellee.

## 74213. JOHNSON v. THE STATE.
(357 SE2d 161)

BEASLEY, Judge.

The two claimed errors relate to the admission of evidence which it is contended was irrelevant to any issue and placed defendant's character in issue impermissibly. The same arguments are advanced to support both enumerated errors.

Defendant was tried on two counts of aggravated assault (OCGA § 16-5-21) and two counts of possession of a firearm during commission of a crime (OCGA § 16-11-106). He was convicted of one of each, and his motion for new trial was denied. His defense was the justification of self-defense.

Both crimes emanated from the shooting of the owner when defendant returned to the Easy Street bar with a shotgun after he was forcibly made to leave by the bar owner and a person assisting him, after defendant repeatedly annoyed two female patrons. Defendant had been drinking and causing trouble at another bar just previous to coming to Easy Street and had been put out of that first bar. The state offered evidence of the first incident to show a continuing course of conduct, and defendant objected on the grounds stated above.

We have reviewed the evidence and conclude that it was not inadmissible as a matter of law. At issue was defendant's intent when he shot the bar owner. The condition of his mind was manifested by his behavior leading up to the shooting. The course of conduct which he had set in motion earlier in the evening demonstrated a gradual escalation of aggressiveness, anger, and determined frustration. His actions immediately prior to those which culminated in the shooting tend to illuminate the dark recesses of his mind, which the jury was bound to probe to discover whether he shot Mr. Bagley with criminal intent or in self-defense. The degree of intoxication and the attitude towards others were explained in part by what had transpired before he reached Easy Street.

Evidence showing intent, motive, plan, scheme and bent of mind is admissible although such evidence may also place in issue the character of the defendant. *Davis v. State*, 233 Ga. 638 (212 SE2d 814) (1975); *Rini v. State*, 236 Ga. 715 (225 SE2d 234) (1976). "The conduct of the accused, before, at the time of, and immediately following the [crime] is relevant, and any evidence showing this conduct is admissible. [Cits.]" *Lewis v. State*, 196 Ga. 755, 759 (27 SE2d 659) (1943). The conduct at the first bar was not remote but was instead logically connected. This is not an instance of dissimilar or uncon-

nected prior offenses, such as defendant would have us conclude, citing *Wimberly v. State*, 180 Ga. App. 148 (1) (348 SE2d 692) (1986).

The second argument against admissibility is that the state did not give advance notice of "similar transactions or occurrences" pursuant to USCR 31 and there was no court order allowing such evidence. Even if the rule applies to evidence of the nature here targeted, see *Presley v. State*, 177 Ga. App. 611, 613 (2) (340 SE2d 253) (1986), this objection was not raised below and thus will not be ruled on. *Morris v. State*, 179 Ga. App. 228, 229 (3) (345 SE2d 686) (1986).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 6, 1987.

*Barry V. Smith*, for appellant.

*Stephen F. Lanier, District Attorney, H. Harold Chambers, Assistant District Attorney*, for appellee.