### 75582. JONES v. THE STATE.
(366 SE2d 144)

POPE, Judge.

Defendant Eddie Blaine Jones appeals from his conviction by a jury of possession of and selling cocaine in violation of the Georgia

Controlled Substances Act (OCGA § 16-13-30). *Held:*

1. Defendant first contends that the trial court erred in admitting over objection evidence of similar transactions because the State failed to serve notice of its intent to present such evidence at least 10 days before trial as required by Uniform Superior Court (USC) Rule 31.1. In the case at bar, the State presented evidence that the required notice was mailed to defendant's counsel on Friday, February 27, 1987, said date being 10 days prior to March 9, 1987, the date on which the trial was scheduled to commence. However, the record also shows that defendant's counsel did not receive said notice until March 2, 1987, only 7 days prior to the trial date.

"OCGA § 17-1-1 deals with filing and service of pleadings, motions and notices subsequent to the indictment and provides in subsection (b): 'service shall be made upon the party's attorney . . . by delivering a copy to him or mailing it to him at his last known address . . . (S)ervice by mail shall be deemed complete upon mailing.' [Cit.]" *Devane v. State*, 183 Ga. App. 60, 62 (357 SE2d 819) (1987). Hence, we agree with the State that in the case at bar the "required service was accomplished as a matter of law," id. and the trial court did not err in allowing admission of the complained of evidence over defendant's objection. See also *Roman v. State*, 185 Ga. App. 32 (1) (363 SE2d 329) (1987).

2. Defendant next argues that the trial court erred in not granting a mistrial based upon testimony that the defendant was "one of the biggest dope dealers in Toccoa." As to this issue the record indicates that Mike Crozier, an investigator with the Stephens County Sheriff's Department, testified that the confidential informant who assisted the investigating officers in obtaining cocaine from the defendant asked him did he "want to get one of the biggest dope dealers in Toccoa." Defendant's counsel then interposed an objection on the basis that said testimony was hearsay. The trial court sustained the objection and struck the testimony. Thereafter, defense counsel extensively cross-examined the witness as to why he used the confidential informant, who was himself facing criminal charges, and not someone else to assist in the drug purchases from defendant. On redirect examination Crozier testified that he used the confidential informant because the informant had access to the defendant. Immediately thereafter, apparently referring to the informant's access to the defendant, defense counsel asked: "That's an assumption on your part, isn't it?" The witness responded affirmatively and counsel then asked: "You have no proof to that effect, your own personal knowledge, sir?" The witness responded that he had "never seen [defendant] sell any narcotics. I was given information from [the confidential informant] when he came to me . . . that he had access to [defendant], and did we want to get one of the biggest dope dealers in Ste-

phens County and Toccoa, and I said yes." Defendant immediately moved for a mistrial, contending that the statement was unresponsive, highly prejudicial and placed the defendant's character in issue. On appeal defendant also posits that the trial court erred in refusing to grant his motion for mistrial because the admission of such evidence had not previously been approved by the trial court as required by USC Rule 31.3. However, as that ground was not urged by defendant below, we need not address it here. *Daniels v. State,* 183 Ga. App. 222 (1) (358 SE2d 637) (1987); *Johnson v. State,* 182 Ga. App. 822, 823 (357 SE2d 161) (1987).

Turning to a consideration of the grounds urged by defendant in support of his motion at trial, we find that, considering the testimony as a whole, the witness' answer was not unresponsive to the question propounded by counsel. In this regard we note that the witness had been extensively questioned during cross-examination concerning his motivation for using the confidential informant, as opposed to someone else, in his investigation of defendant. Moreover, we note that the complained of testimony was in response to a question which had already been answered affirmatively by the witness, as obviously desired by defense counsel. " 'Although one may legitimately complain about illegal testimony which is not responsive to the question, one cannot take chances in propounding questions which may elicit damaging answers, otherwise inadmissible, and then demand a mistrial when such answer is given. *Henderson v. State,* 208 Ga. 73, 75 (65 SE2d 175) (1951).' *Felker v. State,* 252 Ga. 351, 377 (314 SE2d 621) [(1984)]." *Byrd v. State,* 182 Ga. App. 284, 286 (355 SE2d 773) (1987). "In light of the broad discretion accorded trial courts for decisions to grant or deny motions for mistrial . . . , and considering [the circumstances] in the present case, [defendant's] enumeration of error is without merit." *McDermott v. State,* 183 Ga. App. 693, 694 (359 SE2d 750) (1987).

3. Defendant also assigns error to the trial court's refusal to grant a mistrial after it was disclosed that the Stephens County Sheriff, who was a witness for the State, had an out-of-court conversation with a juror and his wife. Specifically, the sheriff testified that he talked briefly with a juror and his wife in the hallway outside the courtroom and that the juror's wife stated that "she came up to learn about court," and he responded: "I'm proud you're coming. We need folks like you up here."

"Where an unauthorized contact or communication is made to a juror, a valid conviction is not otherwise vitiated unless the defendant was actually prejudiced by the communication. [Cits.]" *Dudley v. State,* 179 Ga. App. 252, 255 (345 SE2d 888) (1986). In the present case, no evidence was presented that the sheriff attempted to influence the juror in any way or that there was any discussion of the facts

of the case. Moreover, the specific remark complained of was actually directed to the juror's wife, not to the juror. " 'Ordinarily motions for mistrial because of improper conduct of jurors or parties are addressed to the sound discretion of the trial [court].' [Cit.]" *Hart v. State*, 157 Ga. App. 716, 717 (278 SE2d 419) (1981). Because the defendant has failed to show how he has been prejudiced by the allegedly improper remark in the case at bar, we find no abuse of discretion under the circumstances of the present case.

4. Lastly, the defendant contends that the trial court erred in refusing defendant's request for resentencing based on an alleged discrepancy between the court's oral pronouncement of sentence and the written sentence as subsequently entered. The record shows that the trial court orally announced: "I'm going to make it a ten years' sentence, and the balance of it will be probated. . . ." The written sentence provided for a sentence of thirty years, with ten to serve and the remaining time to be served on probation. Although we agree that the trial court's initial pronouncement of sentence was not completely clear as to the duration of the probationary period, we find no discrepancy between the oral and written sentences; hence, this enumeration affords no basis for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 5, 1988 —
REHEARING DENIED JANUARY 28, 1988 —

*Timothy P. Healy*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.