riae.

### 77910. THOMAS v. THE STATE.
(377 SE2d 539)

BANKE, Presiding Judge.

The appellant was charged with murder and found guilty of voluntary manslaughter. She appeals from the denial of his motion for new trial.

The appellant and the victim became embroiled in an argument at a neighbor's house after they had been drinking. The appellant eventually ran into her house, while the victim went his separate way at the request of the appellant's brother. According to eyewitness testimony, the victim returned shortly thereafter and began "cussing" the appellant from the latter's porch. The appellant thereupon emerged from her house with a gun and fired three shots. The fatal shot struck the victim in the back as he was running away. While the appellant testified that the victim had threatened her with a knife, no such weapon was found, and none of the eyewitnesses had observed such a weapon in the victim's possession. *Held*:

1. The appellant contends the evidence was insufficient as a matter of law to refute her claim of self-defense. "A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2 (a). A person is justified in using force which is likely to cause death or bodily harm "only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself. . . ." OCGA § 16-3-21 (a). On the basis of the evidence presented at trial, a rational trier of fact could reasonably have concluded beyond a reasonable doubt that the fatal shot was not fired in self-defense. Accordingly, the trial court did not err in rejecting the general grounds of the appellant's motion for new trial. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends the state should not have been allowed to bring to the jury's attention evidence that she had previously thrown bottles at another individual during an argument with that individual just prior to the shooting. "Evidence showing intent, motive . . . and bent of mind is admissible although such evidence may also place in issue the character of the defendant. [Cits.] 'The conduct of the accused, before, at the time of, and immediately following the [crime] is relevant, and any evidence showing this conduct is admissi-

ble.' [Cit.]" *Johnson v. State*, 182 Ga. App. 822 (357 SE2d 161) (1987). Since the evidence in question was reflective of the appellant's state of mind on the morning of the event, and since her state of mind was the primary focus of the trial, we hold that the admission of this evidence was proper.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 3, 1989.

*Ken Gordon*, for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.