A90A1693. BOYCE v. THE STATE.
(401 SE2d 578)

BEASLEY, Judge.

Boyce appeals her convictions for two counts of cruelty to children, OCGA § 16-5-70 (b). She was found guilty of shooting her not quite two-year-old son in the face and shoulder with a .38 caliber semi-automatic pistol and of unlawfully and maliciously causing her four-year-old daughter cruel and excessive mental pain by blaming the shooting on the little girl.

1. Appellant contends that she was entitled to a directed verdict of acquittal on the charge of cruelty to her daughter because there was no evidence of cruel and excessive mental pain to the child, or of appellant as the perpetrator.

The evidence construed in favor of the verdicts, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed that appellant accused her young daughter of the shooting from the outset. Initially the little girl told police that her mother had gotten the gun. Appellant contradicted the girl in front of the police and told them the girl had gotten the gun and shot her brother. Subsequently the girl continued to deny shooting her brother or stated, referring to herself in the third person, that she shot the boy. An examining psychologist concluded that the little girl's consistent referral to herself in the third person presented two unhealthy hypotheses, either that she

had been seriously traumatized and did not dare think of herself in first-person terms, i.e., a kind of early state of multiple personality, or that she was echoing something that she heard, i.e., that she had been coached.

Implicit in the statutory definition of "cruel or excessive" pain is the element of unreasonableness. See *Allen v. State*, 174 Ga. App. 206, 208 (3) (329 SE2d 586) (1985) (physical precedent). Appellant's blaming of the little girl for such a violent act against a loved one which resulted in the girl manifesting observable psychological pathology could have authorized the jury to conclude that appellant inflicted on her daughter mental pain which was unreasonably cruel or excessive. Therefore, the trial court was correct in refusing to grant a directed verdict of acquittal on the charge. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in allowing the medical examiner/forensic pathologist to testify about the "ultimate issue" to be decided by the jury, i.e., the identity of the person who fired the gun. She claims that the witness testified that she was the only one who could have fired the weapon, and that it was unnecessary to provide the jury with such information because they possessed the requisite knowledge, skill, and experience to draw for themselves an inference of who the perpetrator was.

This objection was not made at trial and so was not preserved for appeal. *Rigenstrup v. State*, 197 Ga. App. 176, 178 (2) (398 SE2d 25) (1990).

Moreover, even if the failure to object were itself a properly raised ground of the enumeration claiming ineffective assistance of counsel, the outcome would be the same. That is, this objection to the evidence would have been a useless one, as it lacks legal base.

The witness testified about his qualifications and experience and defense counsel unequivocally concurred that the doctor was an expert forensic pathologist. The doctor then laid a foundation about the evidence that he had reviewed and gave great detail about the firing mechanisms of the gun at issue and the relative distances and heights regarding the paths of the bullets, largely in the context of the possibility of the daughter having obtained and fired the gun in the surroundings then existent. The doctor's scientific conclusion was that if a number of hypothetical factors had been present it was technically possible that the little girl had fired the gun, so as to create the markings left by the two bullets, but it was not a realistic probability; rather it was most probable the girl did not fire the gun that caused the injury to her brother. At no time did the doctor opine that the appellant had fired the weapon or that she was the only one who could have fired it. His only stated conclusions about the mother were that based on the bullets' paths, "the mother, whose shoulder height

is four feet five inches, could have stood anywhere along this line — approximately four feet five and a half inches — and fired the weapon, at least technically" and that one of the bullets went into the "sheetrock on the opposite corner of the room, again, at almost a level of horizontal trajectory from four feet and six inches, approximately the shoulder height of the mother."

"Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. [Cits.]" *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). See also *Bethea v. State*, 251 Ga. 328, 331 (10) (304 SE2d 713) (1983). "In many instances, inferences must be drawn from medical evidence that are beyond the capacities of average jurors. In such circumstances, . . . expert opinion [is permitted] as to factual suppositions." *Allison v. State*, 256 Ga. 851, 852 (3) (353 SE2d 805) (1987). This was such a case. See also *McAllister v. State*, 258 Ga. 795, 797 (3) (375 SE2d 36) (1989).

3. Permitting the firing of the weapon in the courtroom as a demonstration is challenged as having a prejudicial effect far outweighing its probative value.

The objection made at trial was withdrawn and thus is not preserved for appellate review. *Atkinson v. State*, 170 Ga. App. 260, 262 (2), 264 (316 SE2d 592) (1984).

However, since this action of counsel is also cited as a basis for the ineffective assistance of counsel enumeration, the lawfulness of allowing the demonstration is examined and laid to rest. The stated purpose for the firing was to demonstrate for the jury the sound and physical effects of discharge of the weapon. This was to allow the jury to assess the defense that the four-year-old sister had been able to twice fire such a weapon in spite of the noise, flash, and recoil. " ' "Experiments made in and out of court sometimes make a practical demonstration of the question in issue, and are often the best evidence in elucidating the truth. It is necessarily largely *within the discretion of the trial court* to determine whether the testimony shows that the experiments were made under such conditions as to fairly illustrate the point in issue." . . . (Emphasis supplied.) (Cit.)' [Cit.]" Id. at 263 (2). There was no abuse.

4. Appellant contends the trial court erred in allowing testimony by a Department of Family & Children's Services' employee about "prior difficulties and bad acts."

The testimony at issue did not involve *prior* acts but rather the

condition of appellant's home and children *following* the shooting.[1] The DFACS worker had gone to appellant's apartment a few weeks after the shooting to remove the children pursuant to a court order. The witness testified that appellant was uncooperative about helping to ready the children to go and that the children were very unkempt and dirty.

Such evidence was relevant to show appellant's state of mind in regard to her son, i.e., her careless attitude even following the shooting and surgery, and thus, possibly to explain an "otherwise inexplicable assault." See *Gresham v. State*, 169 Ga. App. 525, 526 (1) (314 SE2d 111) (1984). The fact that the evidence may have incidentally placed appellant's character in issue did not render it inadmissible. See *Mathis v. State*, 192 Ga. App. 772, 773 (3) (386 SE2d 532) (1989).

5. Lastly, appellant contends that trial counsel's failure to object to the medical examiner's testimony and the test-firing of the gun along with counsel's failure to explore a possible insanity defense due to either "prosecutorial misconduct or ineffective assistance of counsel" amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Appellate counsel filed an amended motion for new trial raising the issue of trial counsel's ineffectiveness and represented appellant at a hearing on the motion. While counsel did argue the ground at the hearing, there was no evidentiary showing whatsoever; trial counsel was not called and was never heard on the question of his representation. Inasmuch as appellant's claim of ineffectiveness included matters outside the record, i.e., trial counsel's alleged failure to investigate appellant's alleged multiple personality disorder for the purpose of a possible insanity defense, trial counsel's testimony was necessary. See *Dawson v. State*, 258 Ga. 380, 381 (3) (369 SE2d 897) (1988). The failure to produce any evidence in support of her claim of ineffectiveness on this point via trial counsel's testimony or otherwise, even though she had ample opportunity to do so, precludes further review. Id. See also *Johnson v. State*, 259 Ga. 428, 429 (3) (383 SE2d 115) (1989) which discusses the need for an evidentiary hearing. As to the other two bases, we have concluded that they, being meritless, would not have supported a conclusion of counsel deficiency.

*Judgments affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 23, 1991.

*John R. Greco*, for appellant.

---

[1] The trial court did exclude certain *prior* circumstances, namely that the little boy had failed to thrive as a baby and that appellant's care had been lacking.

*Thomas J. Charron, District Attorney, Fonda S. Clay, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.