A90A1687. PARKER v. THE STATE.
(403 SE2d 897)

Banke, Presiding Judge.

The appellant was convicted of driving on the wrong side of the road, speeding, and two separate counts of DUI. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in allowing the state's attorney to question him regarding several previous occasions on which he had been arrested for such offenses as DUI, speeding and driving with a suspended license, including two prior occasions on which his license had been suspended for DUI. This evidence was allowed on the theory that the appellant's character had been

placed in issue during the following exchange between the state's attorney and the appellant's grandfather: "Q. When you talked with Randy at the jail that night, did he tell you why he had been arrested? A. Well, I don't know whether he stated it or not. . . . [I]t was at night and I was tending to the business that I come for and that's all that — I didn't go into details. I just know Randy wasn't under — intoxicated. He wasn't intoxicated — (interposing) Q. That's your opinion? A. — because I was right face to face talking with him, and Randy's a good boy; he's working hard, trying to make a living for his family."

Clearly, this testimony by the appellant's grandfather cannot be construed as an election by the appellant to place his character in issue. See generally OCGA § 24-9-20 (b); *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988). Moreover, evidence of prior arrests is not, in any event, admissible as evidence of bad character. "Our law is that conviction impeaches; accusation does not." *Johnson v. State*, 144 Ga. App. 406 (1) (240 SE2d 919) (1977). Accordingly, we hold that the trial court erred in overruling the appellant's objections to this line of questioning. Accord *Arnold v. State*, 193 Ga. App. 206 (2) (387 SE2d 417) (1989).

2. The appellant contends that there was a fatal variance between the accusation and the proof with respect to one of the two DUI offenses, in that the accusation alleged that the offense had occurred on September 25, 1987, while the evidence established that it had occurred on April 27, 1987. The arresting officer testified that he had issued two separate citations to the appellant for this offense — one on April 27, 1987, alleging a violation of the implied consent statute (OCGA § 40-6-392), and the other on September 25, 1987, redesignating the charge as DUI. He explained that he had mistakenly used the date of issuance as the date of the offense on this latter citation, which constituted the accusation upon which the appellant was tried. The state contends that this variance cannot be considered fatal because the date was not an essential element of the offense which it was required to prove.

" 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' " *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969). In *Angevine v. State*, 171 Ga. App. 658 (2) (320 SE2d 578) (1984), we held that it was not error for the trial court to deny the defendant's motion for directed verdict of acquittal based upon a variance between the date charged in the accusation and the date proved at trial, where time was not a material

element of the offense and the evidence established that the offense had occurred within the statute of limitation. The citation in the present case did not specifically allege that the date was material, compare *Bloodworth v. State*, 128 Ga. App. 657 (197 SE2d 423) (1973); and the appellant made no motion for continuance on the ground that he had been surprised or prejudiced by the variance. See generally *Edgehill v. State*, 253 Ga. 343 (3) (320 SE2d 176) (1984). Under these circumstances, the trial court did not err in denying his motion for directed verdict of acquittal. Accord *Frymyer v. State*, 179 Ga. App. 391 (346 SE2d 573) (1986); *Whittington v. State*, 184 Ga. App. 282 (361 SE2d 211) (1987). Compare *Arnold v. State*, 167 Ga. App. 720 (2) (307 SE2d 526) (1983).

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1991.

*Joseph M. Todd*, for appellant.

*Frank C. Winn, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.