## A91A1782. WILLIS v. THE STATE.
(414 SE2d 681)

BEASLEY, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by being unlawfully in possession and control of cocaine, with intent to distribute. He was sentenced to life imprisonment as a second offender. OCGA § 16-13-30 (d).

Appellant was apprehended by members of a police drug squad, who were on routine patrol of a housing project, an area known for a large number of drug sales. Appellant and an individual named Williams were observed exchanging money. Officers pursued them to appellant's apartment. Appellant discarded a clear sandwich bag in which were 81 smaller plastic bags, each of which contained a chunk or "hit" of a substance determined through chemical analysis to be crack cocaine. After discarding the bag, appellant entered and locked his apartment. Officers arrested Williams, who had discarded two small bags each containing a "hit" of crack cocaine, which appellant had put in his hand.

The officers gained entry into the apartment by breaking down the doors. They could not find appellant, so a police dog trained to sniff drugs was brought. He went directly to a bedroom closet, where appellant was found hiding under a pile of clothing. Approximately 30 empty bags, some of which contained crack cocaine residue, were found in the apartment, as were several hundred dollars in small-denomination bills.

1. Appellant contends that the trial court erred in allowing the State to present the testimony of the dog trainer and in allowing an in-court demonstration of the dog's ability to detect the presence of drugs.

The arresting officers testified that the dog was trained to detect

the presence of drugs but not people, and that when the dog was taken into the apartment, he ran to only one location, the pile of clothing in which appellant was hiding. No drugs were found in the closet or in appellant's immediate possession.

During direct examination of one officer and cross-examination of another, they testified that the dog could have detected the odor of drug residue on appellant's hands or on money in his possession. Defense counsel asked one officer whether he knew for a fact that the dog sniffed out drugs only and not people. The officer responded that he did not know, but that he had been so informed by the dog's trainer. Neither officer had trained the dog, nor were either of them responsible for handling the dog. By this questioning, defense counsel sought to distance defendant from any personal connection with drugs by casting doubt on the *reason* given for the dog's beeline to defendant.

The prosecuting attorney later sought to introduce the testimony of the dog's trainer and to conduct the in-court demonstration. Defendant objected because of a lack of notice. The prosecuting attorney stated that the evidence was in response to the issue raised by appellant in regard to whether the dog sniffed out things other than drugs. Defendant countered that the dog's ability to locate appellant was not an issue, the issue being whether defendant was in possession of cocaine, and that in addition to lack of probative value, the demonstration was inflammatory and prejudicial. The prosecuting attorney offered defendant an opportunity to interview the trainer, but defendant renewed his objection and expressed his desire for a mistrial if the dog was brought into court in the presence of the jury. Defense counsel had interviewed the witness in the hall before his testimony. The trial court allowed the testimony and the demonstration.

On demand, OCGA § 17-7-110 generally requires the State to furnish the defense with a list of the State's witnesses prior to trial. (See also USCR 30.3.) "[T]he transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. [Cit.]" *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30) (1974). The trial court in its discretion may allow an unlisted witness to testify upon giving the defense an opportunity to interview the witness prior to the time the witness testifies. E.g., *Boscaino v. State*, 186 Ga. App. 133, 134 (3) (366 SE2d 789) (1988). Appellant has made no showing that his rights were not protected through the opportunity afforded. Consequently, we cannot say that the trial court abused its discretion in allowing this unlisted witness to testify.

The State sought to establish the presence of drug residue on ap-

pellant as part of its case-in-chief and to show, through the dog trainer's testimony and the in-court demonstration, that the dog would have been attracted by such odor. Appellant cites no authority to support his contention that he was entitled to pretrial notice of it. Allowing the demonstration of the dog's olfactory abilities was not an abuse of discretion. See generally *Boyce v. State*, 198 Ga. App. 371, 373 (3) (401 SE2d 578) (1991). It was relevant to the issue, raised by appellant, of whether the dog went to appellant because he was a human being or because he had some physical connection with a drug.

2. Appellant contends that the trial court erred in allowing the State to present evidence of a similar transaction in that the State did not give appellant notice of its intent to introduce such evidence at least ten days prior to trial as required by USCR 31.1.

"Although Rule 31.1 requires the notice to be filed at least 10 days before the trial, it authorizes the exercise of a trial court's discretion by providing that the trial court may shorten or lengthen the time for compliance with the rule. [Cit.]" *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990). See also *Hall v. State*, 181 Ga. App. 92 (1) (351 SE2d 236) (1986). Appellant received the State's notice six days before trial by way of a facsimile transmittal sent to him after the trial date became apparent. Had service of the notice been accomplished by mail, it would have been complete upon mailing notwithstanding the date of receipt, even though actual notice would have been much closer to trial. *Jones v. State*, 185 Ga. App. 649, 650 (1) (366 SE2d 144) (1988). The State should scrupulously adhere to the rule's requirement so as to give defendant fair notice within the time contemplated by the rule, and so as to avoid the raising of this procedural issue. In this case it does not appear that the trial court abused its discretion in holding that the notice was sufficient. See *Thaxton*, supra; *Jones*, supra.

*Judgment affirmed. Judge Arnold Shulman concurs. Carley, P. J., concurs in Division 1 and in the judgment.*

DECIDED JANUARY 7, 1992.

*Jonathan Goldberg, James D. Cooper, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Joseph J. Drolet, Nancy A. Grace, Assistant District Attorneys*, for appellee.