A94A2181. THE STATE v. CARTER.
(451 SE2d 541)

BIRDSONG, Presiding Judge.

The State of Georgia appeals, under OCGA § 5-7-1, the grant of Jerome W. Carter's motion to suppress the results of an intoximeter test. The sole error enumerated is that the trial court erred by granting the motion to suppress. *Held:*

The trial court granted Carter's motion because the court found that the arrest was illegal because the arresting officer was driving a car that was not marked as required by OCGA § 40-8-91 (a): "Except as provided in subsection (b) of this Code section [concerning motor vehicles used by employees of the Department of Public Safety], any motor vehicle which is used on official business by any person authorized to make arrests for traffic violations in this state, or any munici-palitity or county thereof, shall be distinctly marked on each side and the back with the name of the agency responsible therefor, in letters not less than four inches in height."

The officer who apprehended Carter was part of a joint county-city drug task force and at the time of the apprehension was dressed in plain clothes and was driving a black Iroc Camaro that was not marked as required by OCGA § 40-8-91 (a). The officer testified that he did not ordinarily make traffic stops in this car.

Before the arrest, the officer and his partner were working a narcotics case when they came upon Carter driving a pickup truck. While driving behind Carter for a mile and a half to two miles, the officer saw Carter weave across the centerline about four times and run off the edge of the road twice. The officer first requested assistance from local city police and from county authorities, but no assistance was immediately available. Then, after Carter turned on another road, and "not knowing where he was going, how long he was going to be

driving, and the condition . . . we felt it necessary to stop him at that time." When the officer turned on the car's blue light and sounded the siren, Carter pulled over. As the officer was not in uniform, he showed Carter his badge and identification card. At the time Carter "appeared very unsteady on his feet, his eyes were glassy, his speech was slurred, and there was a strong odor of alcoholic beverage about him." The officer again called the county authorities to tell them of his location and was informed that a unit was en route. After the officer advised Carter of his implied consent rights from a warning card, Carter agreed to take a breath test. When the deputy sheriff arrived in about five minutes, the arresting officer told him of the circumstances of the stop, and "why we had stopped him instead of waiting for a marked unit." The deputy then took custody of Carter and took him to the jail where he took a breath test that registered .22 or .23 grams percent of alcohol. There is no evidence that the unmarked police car was used otherwise to make traffic arrests.

After consideration of the evidence presented, the trial court granted the motion to suppress the evidence of the intoximeter test. The trial court found that Carter's arrest "was made by an officer in an unmarked vehicle and in violation of Section 40-8-91 of the Official Code of Georgia. And based on that arrest, being illegal and in violation of that Code section by virtue of being made in an unmarked vehicle, the court is finding that the intoximeter test results are fruits of the illegal arrest and therefore tainted and under the exclusionary rule, would not be admissible in the trial of this case."

Although OCGA § 40-8-91 requires the marking of motor vehicles used to make traffic arrests (see *Clayton v. Taylor*, 223 Ga. 346 (155 SE2d 387)), unmarked police cars are authorized for other investigations. Id. Nothing in this Code section, however, invalidates traffic arrests made in unmarked vehicles. *Ward v. State*, 126 Ga. App. 214, 215 (190 SE2d 444); *Ross v. City of Lilburn*, 114 Ga. App. 428 (151 SE2d 490). Further, because of Carter's erratic driving the officer was authorized to stop him even in an unmarked vehicle. See *Barron v. State*, 157 Ga. App. 186, 188 (276 SE2d 868). Accordingly, the trial court erred by finding that Carter's arrest was illegal because the police car was not marked as required by OCGA § 40-8-91 (a), and the order granting the motion to suppress must be reversed and the case remanded to the trial court.

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED DECEMBER 14, 1994.

*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys,* for appellant.

*James W. Lovett, Augustus B. Jones III,* for appellee.