## A96A1026. GILBERT v. THE STATE.
### (476 SE2d 39)

Judge Harold R. Banke.

James M. Gilbert was convicted by a jury of reckless driving, and he appeals, pro se, from his conviction and from the trial court's denial of his motion for new trial. An off-duty DeKalb County detective driving an unmarked police car spotted James M. Gilbert driving erratically on I-285. Gilbert was closely following another car in the right lane of the interstate. Gilbert pulled into the left lane, pulled alongside the other car, and more than once swerved his Toyota into the other car's lane of travel. The other car had to pull off the road to avoid a collision. *Held*:

1. Gilbert contends this evidence, construed in a light most favorable to the verdict, is insufficient to support the conviction for reckless driving under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We disagree. See *Holland v. State*, 182 Ga. App. 611, 612 (3) (356 SE2d 700) (1987).

2. Gilbert also alleges the detective presented the jury with false testimony and, therefore, the trial court erred by refusing to grant his motion for new trial. But he has made no showing that the officer intentionally gave false testimony, and any inconsistencies in his testimony presented a credibility issue for the jury to resolve. The trial court did not err in rejecting this ground of Gilbert's motion for a new trial. *Arnold v. State*, 198 Ga. App. 514, 516 (2) (402 SE2d 312) (1991).

3. In the trial court, Gilbert moved to exclude the testimony of the detective on the ground that he made this traffic stop in an unmarked vehicle in violation of OCGA § 40-8-91. He assigns as error the trial court's refusal to grant his motion. This statute does not invalidate traffic arrests made in unmarked vehicles, nor does it require exclusion of this testimony. *State v. Carter*, 215 Ga. App. 647, 648 (451 SE2d 541) (1994).

4. Following his arrest, Gilbert complained to the DeKalb County Police Department about the manner in which the detective arrested him. After observing Gilbert's erratic driving, the detective radioed for a marked unit and followed Gilbert off the interstate and down a highway. When no marked unit had responded by the time they

reached Gwinnett County, the detective activated his blue lights. Gilbert pulled into a parking lot and stopped, got out of his car, and approached the officer. The detective identified himself and told Gilbert to stop. When Gilbert kept coming, the detective drew his weapon and ordered Gilbert to the ground.

Gilbert attached to his motion for new trial a copy of the Department's investigative report into this incident and asserted as one of his grounds the trial court's refusal to allow any evidence of the disciplinary investigation resulting from his complaint. The partial trial transcript Gilbert submitted contains no reference to this investigation, although the prosecutor testified at the hearing on Gilbert's motion for new trial that the court ruled such evidence irrelevant. Because our review of this enumeration requires a review of a part of the trial transcript Gilbert has not provided us, we presume the trial court's ruling was correct. *Glean v. State*, 197 Ga. App. 34, 35 (4) (397 SE2d 459) (1990).

5. In his final enumeration, Gilbert charges his trial attorney with ineffective assistance of counsel. Although he argued ineffective assistance as a ground for his motion for new trial, Gilbert failed to produce any evidence which would show his attorney's performance fell below the standard. We therefore presume the trial court did not err in denying this ground of his motion for new trial. *Boyce v. State*, 198 Ga. App. 371, 374 (5) (401 SE2d 578) (1991).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED AUGUST 30, 1996 —
RECONSIDERATION DENIED SEPTEMBER 18, 1996 —

James M. Gilbert, *pro se.*

Ralph T. Bowden, Jr., Solicitor, Walter C. Howard, Bernard R. Ussery, Assistant Solicitors, for appellee.