A97A0090. RENSCHEN v. THE STATE.
(484 SE2d 753)

SMITH, Judge.

Timothy Renschen was found guilty by a jury of making an improper U-turn, OCGA § 40-6-121, and DUI, OCGA § 40-6-391 (a) (1); (a) (4). He appeals from the judgment of conviction and sentence entered thereon following the denial of his motion for new trial.

The evidence presented showed that a member of the DeKalb County Strategic Traffic Accident Reduction (STAR) team saw Renschen make an improper U-turn on Interstate 285 at about 4:30 a.m. When the officer stopped Renschen, he noticed that his eyes were bloodshot and watery and that he smelled moderately of alcohol. The officer administered a series of field sobriety tests, after which he placed Renschen under arrest. The officer read to Renschen his implied consent rights, and Renschen submitted to a State-administered breath test on the Intoxilyzer 5000.

1. Renschen contends the trial court erred by admitting the breath test results into evidence because the State failed to prove that the Intoxilyzer 5000 was "valid" pursuant to OCGA § 40-6-392 (a) and the Administrative Procedure Act, OCGA § 50-13-1 et seq. This contention is controlled adversely to Renschen by our holding in *Corner v. State*, 223 Ga. App. 353 (477 SE2d 593) (1996).

2. Renschen also maintains the trial court erred in admitting the breath test results into evidence because the State failed to prove that the test was performed on "a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order," as required by

OCGA § 40-6-392 (a) (1) (A). We do not agree.

The State showed that the machine used was certified as being in good working order by the Division of Forensic Sciences of the Georgia Bureau of Investigation. The officer who performed the test on Renschen also testified that the machine was in good working order and was performing properly. This was sufficient to satisfy the statute's requirements.

3. To prove that the Intoxilyzer 5000 was in good working order, the State tendered into evidence the certificates of inspection showing that the machine had been examined by the Division of Forensic Sciences of the GBI. Renschen objected to the admission of these certificates because the State had failed to provide them to him in response to his request for statutory discovery pursuant to OCGA § 17-16-23. Renschen enumerates as error the trial court's ruling admitting the certificates into evidence over his objection.

The trial court did not err. The statute provides that "[i]n all criminal trials the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal." OCGA § 17-16-23 (b). As used in OCGA § 17-16-23, "the term 'written scientific reports' includes . . . reports from the Division of Forensic Sciences of the Georgia Bureau of Investigation." Our courts have held, however, that not all written documents appearing to fit within the ambiguous definition in the statute are "reports" that are discoverable.

It is clear that the "reports" enumerated in the statute refer to tests performed in the course of a criminal investigation involving the defendant. In *State v. Mulkey*, 252 Ga. 201 (2) (312 SE2d 601) (1984), the defendant contended the trial court erred in admitting reports of ignition tests; those tests were performed several years before occurrence of the crime of arson being tried. The Supreme Court held that these documents were not such reports as were discoverable under the predecessor statute to OCGA § 17-16-23 because they "did not originate in the [S]tate's investigation and preparation for trial." Id. at 203. They were merely a portion of the background experience and knowledge of the State's expert. Like the ignition tests in *Mulkey*, the certificates showing the inspection of the Intoxilyzer in this case were not generated in the course of the State's investigation of the crimes of which Renschen was accused, but as routine and ongoing actions necessary to law enforcement. They would have been performed even had Renschen not been accused of these crimes. As we held recently in *Harmon v. State*, 224 Ga. App. 890, 892 (3) (a) (482 SE2d 730) (1997), such certificates are not "scientific reports" discoverable under OCGA § 17-16-23. *Mulkey*, supra

at 202-204 (2). See also *White v. State*, 263 Ga. 94, 98 (6) (428 SE2d 789) (1993) (blood typing performed on accused by American Red Cross prior to and unrelated to alleged crime investigation not "scientific report" discoverable under predecessor statute to OCGA § 17-16-23).

4. Our decision that the trial court did not err in admitting the breath test results renders moot Renschen's remaining enumeration of error.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 24, 1997 — 

*William C. Head*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Michael D. Johnson, W. Cliff Howard, Assistant Solicitors*, for appellee.