## A97A2106. GAY v. THE STATE.
### (491 SE2d 469)

ELDRIDGE, Judge.

Appellant Goldon Gay appeals a Cobb County jury's verdict of guilty as to the offense of possession of cocaine with intent to distribute. The facts pertinent to the single issue raised on appeal are these:

Pursuant to appellant's arrest on April 23, 1994, several items were seized: one alleged crack pipe made of metal, one alleged crack pipe made of glass, and 18 small ziplock plastic bags containing

alleged cocaine residue. These items were sent to the State Crime Laboratory in order to test them for the presence of drugs.

In August 1994, 14 months prior to appellant's October 1995 trial date, the State served appellant with a Certificate of Disclosure, attached to which was a crime lab report. The report showed that of the items seized and sent to the crime lab, only the glass pipe was actually tested for the presence of drugs, which test showed positive for cocaine. However, the Certificate of Disclosure notified appellant that the State had specifically requested that the crime lab perform drug analysis on the other items, i.e., the metal pipe and the ziplock bags.

In September 1994, these items were analyzed by the crime lab pursuant to the State's request and tested positive for cocaine. The State was notified orally of the test results. Thereafter, the State served appellant with a Supplemental Certificate of Disclosure that notified appellant of the results of the testing on these other items.

Appellant filed a motion in limine, contending that the State failed to serve appellant with a crime lab report containing the test results for the metal pipe and the ziplock bags pursuant to the requirements of OCGA § 17-7-211; thus, appellant argued, forensic testimony regarding the chemical tests conducted on these items should be excluded because of such statutory violation. The State maintained that the tests conducted upon the disputed items had not been reduced to writing and that no written crime lab report was available. The trial court denied appellant's motion and permitted the crime lab chemist to testify at trial regarding the drug analysis she conducted on all of the seized items. Appellant claims as error the trial court's ruling. *Held*:

Before this Court, appellant does not assert that a written crime lab report was ever prepared of the tests conducted on the disputed items, the metal pipe and the ziplock bags. Instead, appellant argues that he is "entitled to a written report," even if such test results were *not* reduced to writing. However, "[OCGA] § 17-7-211 applies to scientific reports in writing and not oral reports of experts relaying the results of tests." *Perry v. State*, 255 Ga. 490, 492 (3) (339 SE2d 922) (1986); *Faircloth v. State*, 253 Ga. 67 (2) (316 SE2d 457) (1984); *Law v. State*, 251 Ga. 525 (2) (307 SE2d 904) (1983). It is well settled that OCGA § 17-7-211 does not attempt to mandate the furnishing of a written scientific report that does not, in fact, exist, and such statute does not require the creation of a written scientific report where none exists. *Givens v. State*, 214 Ga. App. 774 (1) (449 SE2d 149) (1994); *Curtis v. State*, 183 Ga. App. 6, 8 (357 SE2d 849) (1987); *McDaniel v. State*, 169 Ga. App. 254 (3) (312 SE2d 363) (1983); *Law v. State*, 165 Ga. App. 687, 690 (3) (302 SE2d 570) (1983), aff'd 251 Ga. 525, 528 (2), supra; see also *Rower v. State*, 264 Ga. 323, 324-325 (5) (443

SE2d 839) (1994). Clearly, "[i]t is the duty of appellant to show error by the record and mere assertions of error in the brief do not suffice." *Williams v. State*, 202 Ga. App. 485, 486 (414 SE2d 712) (1992); *Harrell v. Louis Smith Mem. Hosp.*, 197 Ga. App. 189, 190 (397 SE2d 746) (1990). Since nothing in the record indicates that the drug tests conducted on the metal pipe and ziplock bags were ever reduced to writing, we can discern no violation of OCGA § 17-7-211 as to those items. *Martin v. State*, 214 Ga. App. 614, 619 (448 SE2d 471) (1994); *Beck v. State*, 196 Ga. App. 269 (396 SE2d 59) (1990); *Herndon v. State*, 187 Ga. App. 77 (369 SE2d 264) (1988). Accordingly, the trial court did not err in denying appellant's motion in limine and in permitting the forensic chemist to testify regarding the analysis she conducted and the results thereof.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 25, 1997.

*Mackinson & Katz, Gail A. Mackinson*, for appellant.

*Thomas J. Charron, District Attorney, Bruce D. Hornbuckle, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.