## A98A0666. SELF v. THE STATE.
### (503 SE2d 625)

JOHNSON, Judge.

A jury found Elizabeth Self guilty of driving under the influence of alcohol. She appeals, and we affirm.

Viewing the evidence in a light most favorable to support the jury's verdict, the record shows that a police officer was dispatched to a residence on August 27, 1996 and was speaking with an individual at the residence when Self drove up in her car. Self began arguing with the person with whom the officer was speaking. Self smelled of alcohol, had difficulty enunciating her words, had bloodshot eyes, and propped herself on the car as she argued with the other individual. The officer believed that Self was intoxicated and arrested her for driving under the influence of alcohol.

Self admitted to the officer that she had two beers. Evidence further showed that she drank parts of two bottles of champagne and another drink in addition to the two beers. Self was taken to Floyd Medical Center where a blood sample was taken. While at the hospital lab, she screamed, cursed, and threw her arms about. She staggered when she walked and appeared to have trouble sitting in a chair.

1. Self claims the trial court erred in submitting the issue of driving under the influence of alcohol to the jury because the accusation did not state a date on which the crime occurred. We disagree.

The accusation charging Self shows that in the first count, which charged her with driving under the influence of alcohol, Self's home address rather than the date of the offense was typed. The second count, which charged Self with driving without a license, did allege the proper date. In addition, the undisputed testimony at trial was that the incident occurred on August 27, 1996, and the accusation

was filed in February 1997. Therefore, the state proved that the incident occurred within the two year statute of limitation period prior to the filing of the accusation. This is all that is required when the date is not an essential element of the case, as is the case here. See *Angevine v. State*, 171 Ga. App. 658 (2) (320 SE2d 578) (1984). Moreover, Self made no motion for continuance on the ground that she had been surprised or prejudiced by the lack of a date in the accusation. See *Parker v. State*, 198 Ga. App. 838, 840 (2) (403 SE2d 897) (1991). Under these circumstances, the trial court did not err in submitting the charge of driving under the influence of alcohol to the jury.

2. The trial court also did not err in submitting the issue of whether Self was a less safe driver to the jury. A conviction under OCGA § 40-6-391 (a) (1) does not require proof that a person actually committed an unsafe act while driving; it only requires sufficient evidence to authorize a finding, beyond a reasonable doubt, that the defendant was operating or in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for her to drive. See *Anderson v. State*, 203 Ga. App. 118, 119 (1) (416 SE2d 309) (1992). Circumstantial evidence may be sufficient to meet this burden of proof. *Walsh v. State*, 220 Ga. App. 514, 516 (3) (469 SE2d 526) (1996); *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65) (1994).

In the present case, the officer testified that he observed Self driving, she smelled of alcohol, she had difficulty enunciating her words, her eyes were bloodshot, and she propped against the car as she stood. After her arrest, Self admitted to the officer that she had two beers. In addition, at the lab nearly two hours after her arrest, Self staggered when she walked, had a hard time sitting in a chair, and had a blood-alcohol content of .16 grams. This evidence was sufficient to authorize the jury's finding that Self was guilty, beyond a reasonable doubt, of operating a moving vehicle while under the influence of alcohol to the extent that it was less safe for her to drive. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Walsh*, supra; *Schoicket*, supra. Issues of witness credibility and the resolution of inconsistencies or conflicts in the evidence are strictly matters for the jury to weigh and consider. *Walsh*, supra.

3. The trial court did not err in denying Self's motion in limine to exclude her blood-alcohol test results. OCGA § 17-16-23 (b) requires the state in misdemeanor cases to provide the defendant with "a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal" provided the defendant requests copies of the written scientific reports in writing at arraignment or within a reasonable time prior to trial. OCGA § 17-16-23 (a) defines "written scientific reports" to include

reports from the Division of Forensic Sciences of the Georgia Bureau of Investigation and blood-alcohol test results done by a law enforcement officer or a private physician.

We need not address the issue of whether Self timely filed a proper request for the written scientific reports under OCGA § 17-16-23. See *State v. Meminger*, 249 Ga. 561, 563 (1) (292 SE2d 681) (1982). Self admits she received the state crime lab report long before trial. However, Self argues she did not receive all the documents to which she was entitled. While Self reviewed these other documents during a break at trial, there is no mention in the record regarding the content of these other documents. We note that "not all written documents appearing to fit within the ambiguous definition in the statute are 'reports' that are discoverable." *Renschen v. State*, 225 Ga. App. 678, 679 (3) (484 SE2d 753) (1997). For example, Self was not entitled to internal documents and work products of the crime lab. See *Walker v. State*, 168 Ga. App. 130, 132 (3) (308 SE2d 404) (1983).

It is incumbent upon Self, as appellant, to provide this Court with a record from which we can ascertain whether the trial court correctly ruled upon her motion in limine, and mere assertions of error in her brief do not suffice. See *Grogan v. State*, 230 Ga. App. 876, 877 (497 SE2d 589) (1998); *Gay v. State*, 228 Ga. App. 248, 250 (491 SE2d 469) (1997). In the absence of a sufficient record, we must assume that the trial court's ruling was proper and that Self received all reports to which she was entitled under OCGA § 17-16-23. See *Gilbert v. State*, 222 Ga. App. 787, 788 (4) (476 SE2d 39) (1996).

4. Self next maintains the trial court erred in admitting into evidence the blood-alcohol test results because the state failed to prove a proper chain of custody. We disagree.

According to the record, the arresting officer saw the blood sample drawn and the tube sealed at the lab. The individual who drew the blood testified that he sealed the tube in paraffin wax and labeled the tube with Self's name, social security number, the date and the time. He then gave the tube to the officer. The blood sample tube remained with the arresting officer until she packaged it in an evidence bag, labeled the bag with the case number, officer, Self's name and a description of the evidence, and placed it in the locked evidence refrigerator at the police station. Another officer took the sample, which was still in the sealed, labeled evidence bag from the refrigerator at the police station to the state crime lab. He then placed it into the drop box, which is normal procedure, and affixed an identifying card to the evidence. A drug chemist at the state crime lab testified that the sample was received, still in its sealed condition and labeled with Self's name, and was secured until he performed his testing.

This evidence was sufficient to connect the blood test results with Self's sample. See *Price v. State*, 269 Ga. 222, 226 (5) (498 SE2d

262) (1998). Any discrepancy in the amount of blood drawn or tested would go to the weight of the evidence and not its admissibility. *Lewis v. State*, 215 Ga. App. 486, 489 (3) (451 SE2d 116) (1994); see *Johnson v. State*, 184 Ga. App. 745 (1) (a) (362 SE2d 450) (1987).

5. In her final enumeration of error, Self contends the trial court erred when it questioned her expert witness. However, the record reveals that Self never objected to the trial court's questioning. Thus, Self has waived her right to appellate review by failing to object at trial. See *Barker v. State*, 211 Ga. App. 279, 280 (3) (438 SE2d 649) (1993). This enumeration of error has no merit.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 3, 1998.

Elizabeth F. Self, *pro se.*
*Barkley & Garner, Larry J. Barkley*, for appellant.
*Tambra P. Colston, District Attorney, C. Stephen Cox, Bryant G. Speed II, Assistant District Attorneys*, for appellee.