## 69931. MATHIS v. THE STATE.
### (333 SE2d 10)

McMurray, Presiding Judge.

The defendant appeals his conviction for armed robbery. *Held*:

1. The defendant was convicted on May 17, 1984, for the armed robbery of the Union 76 service station located at 2261 Cascade Road, S.W., Atlanta. Prior to his indictment for the armed robbery of the Union 76 service station, the defendant was indicted for the armed robbery of the Pizza Hut restaurant located at 3690 Campbellton Road, S.W., Atlanta. The facts surrounding the armed robbery of the Pizza Hut were used by the State to establish a similar transaction at trial in the case sub judice. The defendant contends that "[p]rior to trial, defense counsel was informed that only one of the armed robbery charges would be tried on June 28, 1984, and one would be introduced as similar transaction evidence. It was not until the actual evidence was introduced at trial and the Judge began instructing the Jury on similar transaction evidence that Defendant was informed of which indictment he was to be tried on." Defendant's first enumeration contends the trial court erred "in failing to grant Defendant's motion requesting the Court to Rule on whether the similar transaction evidence would be allowed in and which indictment would be used as similar transaction evidence and which would be tried." We have examined the record and transcript and fail to find support for this enumeration.

2. In his second enumeration of error the defendant argues that the trial court erred in admitting into evidence hearsay as part of the res gestae. Notwithstanding any possible merit of the defendant's argument, the admission of the disputed testimony was harmless as it was cumulative in nature. *Mitchell v. State*, 169 Ga. App. 630, 633 (4) (314 SE2d 468). Moreover, the same evidence was admitted, without objection, by another witness later at trial.

3. Next, the defendant contends that the trial court erred in allowing the State to improperly impeach a character witness for the defendant. A review of the record reveals that the trial court sustained the defendant's objection to the State's questioning. Consequently, there is no merit to this contention.

4. In his last enumeration of error the defendant argues that the trial court erred in allowing the State to ask a character witness for the defendant the following hypothetical question: "Now, Mr. Moffitt, if it was proved to you beyond a reasonable doubt that [the defendant] was, in fact, guilty of the offense for which he has been accused, would you still believe him under oath?"

In *Franklin v. State*, 230 Ga. 291 (196 SE2d 845), the defendant, a former policeman, was accused of strangling his former wife. The State asked a fellow police officer, who was a character witness for the

defendant, the following hypothetical question: " 'Officer, I ask you again — What do you think of the character of a man who is a policeman, who strangles his wife to death and ditches her body out in a field and leaves town? Is that character good or bad?' " The Supreme Court held that "it is proper on cross-examination to allow the district attorney to question a character witness regarding particular matters for the purpose of testing the extent and foundation of his knowledge and the correctness of his testimony on direct examination." *Franklin v. State*, 230 Ga. 291, 292 (1), supra. In light of *Franklin*, we find the defendant's argument to be without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*J. M. Salome*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Howard Goldstein, Margaret V. Lines, Assistant District Attorneys*, for appellee.