### A90A0643. CUNNINGHAM v. THE STATE.
(395 SE2d 330)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of the aggravated child molestation of a seven-year-old boy. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Over a relevancy objection, the trial court admitted into evidence a catalogue of sexually explicit videos, books and magazines. This evidentiary ruling is enumerated as error.

The catalogue, which was found in a consent search of appellant's automobile, included homosexual material such as a book entitled "Young and Willing." Accordingly, the catalogue was clearly admissible as it "may have a tendency to show [appellant's] bent of mind toward the sexual activity with which he was charged. [Cits.]" Wilcoxen v. State, 162 Ga. App. 800, 801 (1) (292 SE2d 905) (1982).

2. Over a relevancy objection, the trial court also allowed the State to introduce evidence regarding appellant's presentation of an adult gag gift as a birthday present to a male friend. This evidentiary ruling is also enumerated as error.

Evidence merely that appellant had selected an adult gag gift as a birthday present for his friend would appear to be innocuous and may not have been relevant to any issue in the instant case. However, appellant's activities with the gag gift after its presentation at the birthday party could be construed as indicative of his homosexual tendencies. Accordingly, evidence as to those activities was of some relevancy to the issue of appellant's sexual orientation. Considering the nature of the acts of aggravated child molestation that appellant was charged with having committed against the young male victim, there was no error in admitting this evidence. See generally Wellborn v. State, 258 Ga. 570, 572 (2) (372 SE2d 220) (1988).

3. In his motion for new trial, appellant raised the issue of juror misconduct and prejudice. The trial court's failure to grant a new trial on these grounds is enumerated as error.

Appellant alleged that, after jury deliberations began, one of the

jurors telephoned her attorney and discussed the case with him. The trial court conducted a hearing wherein both the juror and her attorney were called to testify. Based upon the testimony adduced at this hearing, the trial court was authorized to find that the juror and her attorney had both a social and a professional connection and that, although a telephone call had been made, there had been no discussion of any matter that was relevant to the case. Compare *Lamons v. State*, 255 Ga. 511 (340 SE2d 183) (1986). Accordingly, the trial court did not err in denying appellant's motion for new trial on the ground of alleged juror misconduct. See *Hardy v. State*, 242 Ga. 702 (251 SE2d 289) (1978). "[W]here the State makes a countershowing clearly establishing that, although a juror was in telephone communication with others not impaneled, nothing was discussed concerning the investigation of the case, the denial of a new trial [is] not an abuse of discretion. [Cit.]" *Wellmaker v. State*, 124 Ga. App. 37, 38 (1) (183 SE2d 62) (1971).

It was also alleged that this same juror had been prejudiced against appellant based upon her belief that he had made an obscene telephone call to her during the course of the trial. However, the juror testified that it was not until *after* the trial was over that she had formed her belief that appellant made the obscene call. Since, on this testimony, the trial court was authorized to find that the obscene call could not have prejudiced the juror against appellant before she participated in jury deliberations, the denial of the motion for new trial on the ground of juror prejudice was not error.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 8, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*John W. Timmons, Jr., Hudson & Montgomery, James E. Hudson*, for appellant.

*Harry N. Gordon, District Attorney, Steve Jones, Assistant District Attorney*, for appellee.