A91A1411. SIZEMORE v. THE STATE.
(411 SE2d 505)

McMURRAY, Presiding Judge.

Defendant was charged in a multi-count indictment with one count of aggravated child molestation (Count 1) and two counts of child molestation (Counts 2 and 3). The case was tried before a jury and defendant was found guilty on all counts. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in allowing evidence

of his inculpatory custodial statement.

" 'To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury.' OCGA § 24-3-50 (formerly Code Ann. § 38-411)." *Johnson v. State*, 170 Ga. App. 71, 72 (2) (316 SE2d 160). In the case sub judice, the evidence adduced at a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), reveals that defendant was questioned by a sole detective in an interrogation room at police headquarters; that the interview was conducted at "about 2:15 P.M." on the day of defendant's arrest and that defendant did not then appear to be under the influence of drugs or alcohol. The interrogating detective testified that he did not "offer [defendant] any hope, reward or benefit for his statement" and that before questioning he advised defendant of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). Defendant admits that he understood his constitutional rights before questioning and the undisputed evidence shows that defendant did not then invoke his constitutional rights. However, defendant contends that his custodial statement was not free and voluntary because the interrogating law enforcement officer made "a promise to let the defendant see his children [(the victims)] if he would make a statement. . . ." This contention is without merit.

The Supreme Court of the State of Georgia has "construed the 'slightest hope of benefit' as meaning the hope of a lighter sentence. *Caffo v. State*, 247 Ga. 751 (279 SE2d 678) (1981)." *Cooper v. State*, 256 Ga. 234, 235 (2) (347 SE2d 553). In the case sub judice, any promise made to defendant that he could see the victims in exchange for a statement is not a promise or "hope of benefit" which would taint defendant's otherwise voluntary confession. *Cooper v. State*, 256 Ga. 234, 235 (2), supra. Consequently, the trial court did not err in allowing evidence of defendant's custodial statement.

2. Defendant next contends the trial court "erroneously applied O.C.G.A. § 24-9-5 ([b]) when it held that no competency hearing was required for the mentally and behaviorally disturbed adolescent witnesses in this case."

Defendant filed a pre-trial motion for the trial court to determine the competency of one of the victims of the alleged child molestation. More specifically, defendant alleged that the witness appeared to be mentally retarded and requested that the child's competence be tested in accordance with OCGA § 24-9-5, which provides, in pertinent part, that "persons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses." The trial court denied defendant's motion based on the terms of subsection (b) of OCGA § 24-9-5, which provides as follows: "Notwithstanding the

provisions of subsection (a) of this Code section, in all cases involving . . . child molestation, and in all other criminal cases in which a child was a victim of or a witness to any crime, any such child shall be competent to testify, and his credibility shall be determined as provided in Article 4 of this chapter."[1]

The trial court was not required to conduct a hearing to determine the competence of the victim of the alleged child molestation as the child's testimony was admissible under the clear and unambiguous terms of OCGA § 24-9-5 (b). See *Sims v. State*, 260 Ga. 782 (1) (399 SE2d 924), and *Ambles v. State*, 259 Ga. 406, 407 (2) (383 SE2d 555). This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1991 —
RECONSIDERATION DENIED OCTOBER 8, 1991 — 

*John H. Tarpley*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, J. Michael McDaniel, Gregory J. Lohmeier*, Assistant District Attorneys, for appellee.

---

[1] "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80.