A91A2188. CALLOWAY v. THE STATE.
(415 SE2d 533)

SOGNIER, Chief Judge.

Gordon Calloway was convicted of one count of child molestation and a second count of child molestation as the lesser included offense of the charged crime of statutory rape. He appeals.

Appellant contends in his sole enumeration of error that the trial court erred by admitting third-party testimony regarding out-of-court statements made by the victim under OCGA § 24-3-16 because the trial court did not make a finding regarding whether the circumstances of these statements provided sufficient indicia of reliability and because the inconsistencies in the victim's statements meant no such finding of indicia of reliability could be supported by the evidence. We do not agree.

Regarding the trial court's failure to state on the record that it found sufficient indicia of reliability, we have held that it is implicit in the admission of statements pursuant to OCGA § 24-3-16 that the trial court made the necessary finding. *Windom v. State*, 187 Ga. App. 18, 19 (2) (369 SE2d 311) (1988). We will not reverse a correct ruling of the trial court admitting statements pursuant to OCGA § 24-3-16, regardless of the reason given for or the timing of its ruling, if, after both sides have rested at trial, the record contains sufficient competent evidence of "indicia of reliability." *Gregg v. State*, 201 Ga. App. 238, 239-240 (3) (a) (411 SE2d 65) (1991). The consistency between repeated out-of-court statements by the victim is but one factor which the court may consider. Id. at 240 (b).

Examining the transcript in light of the factors set forth in *Gregg*, supra at 240 (b), evidence was adduced at trial that appellant offered the 13-year-old victim money to clean his camper, then molested her once she was inside. The victim's grandmother testified that when she arrived to take the victim home, the child was depressed and crying and once home went to her room, cried, and refused to talk until persuaded to do so the following day. Although at

that time the victim told the grandmother that appellant had undressed her and had sex with her, the victim told the investigating officer the same day that her clothing was not removed and that she "was not sure" if appellant had penetrated her. The investigating officer testified that the victim was afraid to talk and scared of appellant. A social worker who spoke with the victim three days later also testified that the victim was confused about whether penetration had occurred. It was not until she spoke with the investigating officer a few days later that the victim told someone outside her family that sexual intercourse had occurred; the investigating officer testified it was common for child molestation victims to tell more about what happened a few days later. The victim testified at trial that she did not immediately tell the investigating officer that appellant had sexual intercourse with her because she was afraid.

We find that this evidence established a sufficient showing of indicia of reliability, within the meaning of OCGA § 24-3-16, as to all out-of-court statements made by the victim, which were testified to by witnesses in the presence of the jury. *Gregg*, supra. "The record also shows the child was present at trial, testified as a court witness, and was subject to examination and cross-examination by appellant and the State. Thus, appellant had every conceivable opportunity to examine and cross-examine the child in the presence of the jury, regarding the child's memory of and the circumstances surrounding [her] making of each of the out-of-court statements in question, and had the opportunity to allow the jury to judge the child's demeanor in response to any examination or cross-examination about the alleged making and veracity of these previous statements. This procedure provided an additional safeguard to appellant's right of fair trial, and provided appellant full opportunity for confrontation." Id. at 241 (c).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 12, 1992.

*Jones & Ledbetter, Joseph D. Little*, for appellant.
*Darrell E. Wilson, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.