S92G0199. SIZEMORE v. THE STATE.
(416 SE2d 500)

BELL, Justice.

We granted certiorari in this case, *Sizemore v. State,* 201 Ga. App. 431, 432, 433 (2) (411 SE2d 505) (1991), to consider whether the Court of Appeals correctly held that OCGA § 24-9-5 (b) precluded a competency challenge to a child witness who the appellant, George Sizemore, contended was incompetent because the child allegedly did not have the use of reason. We conclude that the Court of Appeals erroneously construed § 24-9-5 (b), and reverse.

In the first two counts of a three-count indictment, the State charged Sizemore with the aggravated child molestation and child molestation of Danny Simmons. Count Three charged Sizemore with the child molestation of Timothy Baswell. Before trial, Sizemore moved the trial court to hold a hearing to determine the competency of Baswell. Sizemore contended that Baswell was a mentally retarded child who did not have the use of reason, and that therefore, pursuant to OCGA § 24-9-5 (a), he should not be permitted to testify. The trial court refused to hold a competency hearing, on the ground that § 24-9-5 (b) rendered all children who are the victims of crime competent to testify, even if they otherwise would be incompetent under subsection (a) because they do not have the use of reason. Sizemore was subsequently convicted on all three counts of the indictment.

Sizemore appealed to the Court of Appeals, where he contended that the trial court erred in refusing to hold a competency hearing for both Danny Simmons and Timothy Baswell. The Court of Appeals first noted that Sizemore only filed a competency challenge as to one of the alleged victims. Although the Court of Appeals did not specify

the child that Sizemore did challenge, that child was Baswell.[1] The Court then held the trial court was not required to hold a competency hearing as to Baswell because § 24-9-5 (b) rendered Baswell's testimony admissible. *Sizemore*, supra, 201 Ga. App. at 432-433 (2). We then granted Sizemore's petition for certiorari to consider whether the trial court and the Court of Appeals properly construed § 24-9-5 (b). We conclude that they did not.

We begin by reviewing the relevant history of § 24-9-5. Before 1989, § 24-9-5 provided that

[p]ersons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses.

In 1989 the General Assembly amended § 24-9-5. It designated the existing provision as subsection (a) and added "[e]xcept as provided in subsection (b) of this Code Section" at the beginning of subsection (a). The General Assembly also added subsection (b). Ga. L. 1989, pp. 1639, 1640, § 1.[2] Section 24-9-5 now reads, in relevant part, as follows:

(a) Except as provided in subsection (b) of this Code section, persons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses.

(b) Notwithstanding the provisions of subsection (a) of this Code section, . . . in criminal cases in which a child was a victim of or a witness to any crime, any such child shall be competent to testify, and his credibility shall be determined as provided in Article 4 of this chapter.

The State argues that the plain language of § 24-9-5 (b) excepts children who are victims of crime and who, *for any reason*, do not have the use of reason from the incompetency provisions of § 24-9-5 (a). Sizemore concedes that criminal defendants may no longer challenge the competency of children who are the victims of crime on the ground they do not understand the nature of an oath. However, Size-

---

[1] Although Sizemore argued to the Court of Appeals and now argues to this Court that the trial court erred in permitting both Simmons and Baswell to testify, in the trial court Sizemore only challenged the competency of Baswell and has therefore waived any issue concerning the competency of Simmons. Accordingly, this opinion only addresses the competency issue as it relates to Baswell.

[2] In 1990 the General Assembly amended § 24-9-5 in ways not relevant to this appeal. See Ga. L. 1990, p. 1795, § 1.

more contends that § 24-9-5 (a) and (b) should be interpreted to permit a competency challenge to a child on the ground the child is mentally retarded and thus does not have the use of reason.

In construing a statute, we must bear in mind the following rules: If the plain language of the statute is susceptible of only one meaning, courts must follow that meaning unless to do so would produce contradiction or absurdity. *Telecom\*USA v. Collins*, 260 Ga. 362, 363 (1) (393 SE2d 235) (1990). If a literal reading of the statutory language does produce such contradiction or absurdity,

> the appellate court must then seek to make sense out of the statute, while being faithful to the legislative intent. To define the legislative intent, the court considers the purpose of the statute and its impact on the body of law as a whole. The court also considers the law as it existed before the statute was passed and identifies the mischief sought to be corrected. [Cit. omitted.] [Id. at 364.]

In the instant case, as the state argues, the literal wording of § 24-9-5 (b) exempts from the incompetency provisions of § 24-9-5 (a) children who, for any reason, do not have the use of reason. However, the literal language of the statute produces an absurdity, which is that an adult who does not have the use of reason, such as an "idiot," § 24-9-5 (a), is incompetent to testify, but a child who does not have the use of reason because he is an "idiot" is competent. Because the literal language of the statute leads to this absurd result, we must seek to make sense out of the statute. In doing so, we examine § 24-9-5, as it existed before its amendment in 1989, for the evil that the 1989 amendment to § 24-9-5 sought to correct. *Telecom\*USA*, supra, 260 Ga. at 364; *Mitchell v. Oliver*, 254 Ga. 112, 116 (2) (327 SE2d 216) (1985); OCGA § 1-3-1 (a). The evil of § 24-9-5 before its 1989 amendment was that children were treated differently from adults simply because of their age, in that the competency of children but not adults could be challenged based on the allegation they did not understand the nature of an oath. Before the 1989 amendment, the competency of children was routinely challenged on this ground. E.g., *Alvin v. State*, 253 Ga. 740, 743 (6) (325 SE2d 143) (1985); *Hill v. State*, 251 Ga. 430 (306 SE2d 653) (1983). On the other hand, the old § 24-9-5 did not treat children differently from adults when it came to competency challenges based on the ground the child or adult did not have the use of reason because of mental retardation. Both children and adults were subject to challenge on this ground.

Based on the foregoing examination of § 24-9-5, we think the General Assembly amended § 24-9-5 in 1989 only to remedy the evil of having all children subject to a competency challenge on the

ground they do not understand the nature of an oath. Accordingly, we construe § 24-9-5 (b) as excepting children solely from a competency challenge based on the allegation they do not understand the nature of an oath. We hold that children, like adults, are subject to a competency challenge on the ground they do not have the use of reason because of mental retardation.

For the foregoing reasons, we conclude the trial court erred in refusing to hold a competency hearing concerning Timothy Baswell, and reverse the judgment of the Court of Appeals. Moreover, we conclude the error was harmful as to Sizemore's conviction for molesting Baswell, in that if Sizemore could have shown that Baswell was incompetent to testify, the testimony of Baswell would have been excluded, as would the hearsay testimony of other witnesses that was admitted under OCGA § 24-3-16; *Hunnicutt v. State*, 194 Ga. App. 714 (391 SE2d 790) (1990).[3]

We turn now to the question of the proper remedy for this harmful error. We find that the error does not demand a new trial but instead requires that the case be remanded for the trial court to hold a hearing to determine Baswell's competency as of the time of trial. See generally *Baker v. State*, 250 Ga. 187, 193 (1) (297 SE2d 9) (1982); *Cofield v. State*, 247 Ga. 98, 106 (3) (274 SE2d 530) (1981). Although *Baker*, supra, 250 Ga., concerned mental competency to stand trial, we find that the procedures for remand in that case are appropriate here. First, upon remand the state shall have the burden "to show there is sufficient evidence to make a meaningful determination of competency at the time of trial." Id. at 193. If the court finds that such a determination is not now possible, then Sizemore is entitled to a new trial on the charge he molested Baswell. Id. If the court determines that such a determination is possible, then the court will hold a competency hearing in accordance with OCGA § 24-9-7. *Baker* at 193. If the court determines that Baswell was competent to testify at the time of trial, then Sizemore's conviction for molesting Baswell stands affirmed subject to any appeal. If the court determines that Baswell was incompetent, then Sizemore is entitled to a new trial on the charge he molested Baswell. *Baker* at 193; *Cofield*, supra, 247 Ga. at 106.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED MAY 21, 1992.

---

[3] We do not find the error harmful as to Sizemore's convictions for molesting Simmons, as Baswell's testimony did not incriminate Sizemore with regard to Simmons.

*John H. Tarpley,* for appellant.

*Robert E. Wilson, District Attorney, Michael McDaniel, Gregory J. Lohmeier, J. Thomas Morgan III, Assistant District Attorneys,* for appellee.