A92A1144. HELTON v. THE STATE.
(426 SE2d 172)

BIRDSONG, Presiding Judge.

Randy Leonard Helton appeals his convictions of burglary and recidivism. He alleges that the trial court erred by admitting in evi-

dence his pretrial statement because the police violated OCGA § 24-3-50 by threatening him with allegations of child abuse before questioning him about the burglary and by giving the hope of benefit by telling him they would tell the district attorney of his cooperation. *Held*:

Although Helton's testimony during the *Jackson-Denno* hearing conducted to consider the admissibility of his pretrial statements mentioned these subjects, Helton did not claim that he gave a statement either because he was offered a hope of benefit or because he was coerced, or both. On the contrary, Helton denied making a statement to the police. Under these circumstances, Helton has not asserted a violation of OCGA § 24-3-50.

Moreover, after testifying that Helton was properly advised of his rights, the officer testified that the officers from another jurisdiction questioned Helton briefly about spanking his baby severely, and those officers were contemplating further charges which they were going to handle since any offenses happened in their other jurisdiction. The officer who testified that he took Helton's statement stated, however, that he never mentioned anything about potential charges of child abuse to Helton, and denied threatening Helton with loss of custody of his child if he did not give a statement.

Helton also alleges that the police promised him a benefit by telling him they would put in a good word for him with the district attorney. The officers testified that they only told Helton that they would tell the district attorney of any cooperation. Under these circumstances, Helton has failed to raise a violation of OCGA § 24-3-50. *Cline v. State*, 153 Ga. App. 576, 578 (266 SE2d 266). Within the context of OCGA § 24-3-50 "the slightest hope of benefit" means a lighter sentence. *Sizemore v. State*, 201 Ga. App. 431, 432 (411 SE2d 505).

Moreover, the trial court rejected Helton's contentions and admitted the statements that the officers testified Helton made. " 'Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.' " *Brown v. State*, 259 Ga. 453, 454 (383 SE2d 882). See *Gadson v. State*, 197 Ga. App. 315 (1) (398 SE2d 409). As the testimony at the *Jackson-Denno* hearing fully supports the findings of the trial court, we must accept these findings. Accordingly, Helton's enumerations of error are without merit.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 29, 1992 —
RECONSIDERATION DENIED DECEMBER 4, 1992 ▮▮▮▮▮▮

*Boling, Rice, Bettis, Bottoms & Bagley, Jeffrey S. Bagley*, for appellant.

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.