A93A2276. McFARREN v. THE STATE.
(437 SE2d 869)

BLACKBURN, Judge.

On January 4, 1993, the appellant, Benjamin Andrew McFarren, was given a uniform traffic citation for loitering or prowling, in violation of OCGA § 16-11-36. A formal accusation was subsequently issued charging him with the offense on February 2, 1993. Following a trial by jury, he was found guilty and sentenced to 12 months in jail. His motion for new trial was subsequently denied by the trial court on May 7, 1993, and this appeal followed.

At trial, the state's evidence showed that, on the evening of January 4, 1993, between 10:30 p.m. and 11:00 p.m., McFarren was seen by a resident standing in the front yard of a home in a Clayton County subdivision peering into a window of the home. McFarren was standing approximately eight feet from the window. McFarren subse-

quently crossed the street and entered the yard of another home and looked through a window. Although McFarren had been working with a builder in the subdivision in the construction of new homes in the area, he admitted that at that time of the evening, he had completed his work for the day. The local police were summoned, and McFarren was apprehended on a street in the immediate vicinity as an individual fitting the description given of the prowler.

In an effort to explain his presence, McFarren informed the police that he was in the area for the purpose of obtaining a saw that he had left there earlier. However, the saw was not found in McFarren's possession. McFarren was identified by the resident as the prowler, and given a citation for his conduct. He was not placed under arrest.

Over McFarren's objection, evidence of a similar occurrence was admitted. This evidence showed that on October 12, 1992, three months earlier, McFarren's truck was seen by the resident and his wife in the front of a partially constructed vacant home in the subdivision at approximately 9:00 in the evening. Approximately three-and-one-half hours later, McFarren was seen looking into the residents' window while standing in the residents' front yard. McFarren was later apprehended on that date in the partially constructed home. He indicated that he had been looking for keys to his motorcycle.

In addition to other witnesses presented by the defense, McFarren testified and denied that he had been standing in any of the yards of the neighborhood. He stated that he only walked down the streets of the neighborhood after he began having mechanical problems with his truck. However, the truck started without difficulty in the presence of the police officers.

1. In his first enumeration of error, McFarren maintains that the evidence was insufficient to support the verdict. Specifically, he maintains that the evidence was circumstantial in nature and did not exclude every reasonable hypothesis except that of his guilt. We disagree.

OCGA § 16-11-36 (a) provides that "[a] person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." Contrary to McFarren's contentions, the state presented direct testimony that McFarren was seen peering into the windows of neighborhood homes at 11:00 p.m. McFarren offered an explanation of his presence at such an unusual hour, which the jury was authorized to reject.

In his third enumeration, McFarren challenges the resident's identification of him as the prowler. "Although [McFarren] contends [the resident's] identification of him was not credible, the question of a witness's credibility is for the jury to decide. [Cit.]" *Evans v. State*,

207 Ga. App. 358, 359 (427 SE2d 837) (1993). "[T]his court does not reweigh the evidence but only determines its legal sufficiency. [Cits.]" *Holcomb v. State*, 198 Ga. App. 547 (1) (402 SE2d 520) (1991). Under the circumstances, we must conclude that the evidence was sufficient to enable any rational trier of fact to find McFarren guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Pinkston v. State*, 189 Ga. App. 851 (377 SE2d 864) (1989). Accordingly, enumerations of error 1 and 3 are without merit.

2. Next, McFarren challenges the trial court's admission of evidence of the similar occurrence of October 12, 1992, inasmuch as the incident did not result in a police report or an arrest. However, contrary to McFarren's contentions, "[i]n order for a similar transaction to be admissible, it is not required that the transaction resulted in a conviction." (Citations and punctuation omitted.) *Sartin v. State*, 203 Ga. App. 293, 296 (3b) (416 SE2d 572) (1992).

We further reject McFarren's contention that the trial court erred in admitting the evidence of this prior occurrence when the state failed to comply with the ten-day notice requirement of Uniform Superior Court Rule 31.1. "Although Rule 31.1 requires the notice to be filed at least 10 days before the trial, it authorizes the exercise of a trial court's discretion by providing that the trial court may shorten or lengthen the time for compliance with the rule. [Cit.]" *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990); *Willis v. State*, 202 Ga. App. 447, 449 (2) (414 SE2d 681) (1992). In *Thaxton*, our Supreme Court held that the trial court did not abuse its discretion in finding that the five days' notice provided to the defendant therein was sufficient. Likewise, in *Willis*, we found that the trial court did not abuse its discretion in holding that six days' notice was sufficient. See also *Thompson v. State*, 186 Ga. App. 421 (2) (367 SE2d 586) (1988) (where the trial court did not abuse its discretion in finding that four days' written notice was sufficient).

In the case sub judice, the trial court shortened the time frame for notice pursuant to USCR 31.1 and we find no abuse of discretion in the trial court's action.

3. In his motion for new trial, McFarren raised the issue of juror misconduct. In support of this motion, McFarren filed the affidavit of McFarren's employer, the builder of the subdivision from whom the juror had recently purchased a home, discussing a telephone call made by the juror concerning McFarren after the jury had been sworn and impanelled but before the presentation of any evidence. The trial court's failure to grant a new trial based upon the conduct of this juror has been enumerated as an error.

In *Cunningham v. State*, 196 Ga. App. 68 (3) (395 SE2d 330) (1990), we held that a trial court did not abuse its discretion in deny-

ing a motion for new trial where a juror engaged in a telephone communication with someone not impanelled on the jury in a discussion of a matter irrelevant to the case. Although the juror in the case sub judice asked the builder if McFarren was one of his employees in an effort to determine if she knew McFarren, and the builder was uncertain as to whether or not he employed McFarren, the juror did not discuss any particular aspect of the case with him.

The juror informed the court that she thought that she was acquainted with McFarren but did not think that her acquaintance with him would impair her ability to judge the case on his guilt or innocence. The trial court asked counsel for the parties if either wanted to move for a mistrial based upon the juror's testimony. McFarren declined to move for a mistrial and did not see a problem with the juror, while the state did move for a mistrial, which motion was denied. McFarren accepted the juror with knowledge of her possible acquaintance with him and has waived his right to challenge any alleged disqualification of the juror at this time. *Brown v. Holland,* 228 Ga. 628 (2) (187 SE2d 246) (1972); *Harris v. State,* 198 Ga. App. 503 (402 SE2d 62) (1991). In addition, the juror testified at the hearing on the motion for new trial that her telephone conversation did not affect her opinion on the evidence or the verdict, and accordingly, no prejudice has been shown. *Brown,* supra. The trial court's denial of defendant's motion for new trial did not constitute error.

4. Lastly, McFarren maintains that the trial court erred in its order of June 9, 1993, as subsequently amended on June 24, 1993, in setting a supersedeas bond in the amount of $20,000. However, this court is without jurisdiction to entertain this issue. Under OCGA § 5-6-37, "[t]he proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." (Citations and punctuation omitted.) *Westmoreland v. State,* 192 Ga. App. 173, 175 (384 SE2d 249) (1989). McFarren's June 4, 1993, notice of appeal flows from the judgment entered on the jury's April 21, 1993, verdict and the trial court's May 7, 1993, denial of his motion for new trial. The notice of appeal does not extend to appeal the trial court's orders issued after the date of the notice. Accordingly, this issue is not properly before this court. Id.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 15, 1993.

*Robert H. Suttles,* for appellant.
*Keith C. Martin, Solicitor,* for appellee.