A94A0882. ROBERSON v. THE STATE.
(447 SE2d 640)

POPE, Chief Judge.

Defendant James Arnold Roberson was convicted by a jury of two counts of child molestation. The victims were two brothers who were three and five years old when the crimes occurred. Roberson appeals following the denial of his motion for new trial.

1. (a) Roberson first argues the trial court erred in denying his motion for new trial because the evidence was insufficient as a matter of law to support his convictions. Viewed in a light most favorable to the verdict, the evidence showed that in June 1989 the victims, Jonathon and Joshua S., and their parents went to stay with their paternal grandparents. Roberson was living with the grandparents at that time. On the evening of June 25, Jonathon started screaming that his rear end hurt while his mother was giving him a bath. She noticed the area around his anus was red and, when she asked him what was wrong, he said "Robby stuck his finger up me." Jonathon made the same statement to his father when he questioned Jonathon. The parents contacted the authorities and took Jonathan to the emergency room that night. Jonathon also told the attending physician that Robby had put his finger in his rear. The physician, who found irritation with redness around Jonathon's anus, testified this was consistent with anal penetration and revealed to him the possibility of child abuse. Jonathon testified that his mother had been bathing him in the tub and had left the room to get his clothes when Robby came in and stuck his finger in his rear. Joshua testified that Robby had put his finger in his butt while he was in the bathroom being bathed and his mother was turned around. He did not immediately tell anyone because Robby threatened to hurt him if he did. The mother testified that Robby would sometimes assist her in bathing the children. Roberson denied having molested either of the children. Although not overwhelming, the evidence was sufficient to authorize rational jurors to find Roberson guilty beyond a reasonable doubt of both counts of child molestation. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979).

(b) Roberson next argues the evidence was insufficient as to Count 1 because the State failed to prove he committed the offense on the date alleged in the indictment. Count 1 of the indictment charged Roberson with committing the offense of child molestation on Jonathon S. on June 25, 1989. "In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations. The date here was not alleged as material so as to require its proof with specificity." (Citations and punctuation omitted.) *Moore v. State*, 207 Ga. App. 892, 894 (1) (429 SE2d 335) (1993). Because the evidence was sufficient to prove the offense as charged within the applicable statute of limitation, this enumeration is without merit.

(c) Roberson also argues the evidence was insufficient to establish venue in Spalding County. Where, as here, the defendant has not contested venue at trial, slight evidence of venue is sufficient. *Vincent v. State*, 210 Ga. App. 6 (1) (435 SE2d 222) (1993). The State produced evidence that defendant committed the offenses on the children at their grandparents' home which is in Spalding County. This was sufficient to establish venue in Spalding County beyond a reasonable doubt.

2. Roberson next argues the trial court erred in not allowing him to have an independent examination conducted as to the competency of the two minor children. He contended in his motion that such an examination was necessary to test the reliability of the children's testimony. On appeal, however, he contends the trial court was required to hold a competency hearing pursuant to the Supreme Court's decision in *Sizemore v. State*, 262 Ga. 214 (416 SE2d 500) (1992). In *Sizemore*, the Supreme Court "construe[d] § 24-9-5 (b) as excepting children solely from a competency challenge based on the allegation they do not understand the nature of an oath" and went on to hold that "children, like adults, are subject to a competency challenge on the ground they do not have the use of reason because of mental retardation." 262 Ga. 216-217. Unlike *Sizemore*, Roberson did not request a competency hearing on the ground the children did not have the use of reason. In fact, he did not even claim that the children were incompetent; only that their reliability needed to be tested. The trial court thus did not err in denying Roberson's motion. See *Norton v. State*, 263 Ga. 448, 449-450 (3) (435 SE2d 30) (1993).

3. Roberson claims the trial court erred in allowing the State to introduce evidence of his homosexual relationship with the children's grandfather. Evidence of homosexuality (and indications of such sexual preferences) are admissible to show a defendant's bent of mind toward the sexual activity with which he was charged. See *Cunning-*

*ham v. State,* 196 Ga. App. 68 (1), (2) (395 SE2d 330) (1990); *Jones v. State,* 172 Ga. App. 347, 348 (2) (323 SE2d 174) (1984); *Gunter v. State,* 163 Ga. App. 824 (2) (296 SE2d 622) (1982); *Felker v. State,* 144 Ga. App. 458, 459 (2) (241 SE2d 576) (1978). This enumeration is without merit.

4. He next argues the trial court erred in allowing Carolyn Harmon, a clinical social worker who treated the children, to give her opinion as to the children's credibility. During the State's direct examination of Harmon, the prosecutor asked if she had an opinion as to the children's ability to understand the nature of an oath and to testify in court. The trial court overruled Roberson's objection to the question and the witness responded that she believed the children understood the difference between the truth and a lie and the consequences of lying. This case is controlled by our decision in *State v. Oliver,* 188 Ga. App. 47, 50 (2) (372 SE2d 256) (1988), in which we held that an expert witness testifying that the victim could distinguish between the truth and a lie amounted to improper bolstering of the victim's credibility. "In no circumstance may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth. An expert witness may not testify as to his opinion of an ultimate issue of fact unless the inference to be drawn from the evidence is beyond the ken of the jurors. Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. OCGA § 24-9-80. An expert witness may not testify as to his opinion of the victim's truthfulness." (Citations and punctuation omitted.) Id. at 50.

While an expert may testify generally about the ability of children of a certain age group to distinguish between the truth and a lie, Harmon's testimony that she believed the victims were capable of distinguishing truth from fantasy essentially amounted to her testifying as to their credibility. Because the evidence against Roberson was not overwhelming and credibility of the witnesses was a key issue in the case, we cannot hold this error to be harmless. See *Guest v. State,* 201 Ga. App. 506, 507 (1) (411 SE2d 364) (1991). Accordingly, Roberson's convictions must be reversed and a new trial held.

5. We will address Roberson's remaining enumerations since they are capable of recurring on retrial. He next contends the trial court erred in admitting, pursuant to OCGA § 24-3-16 third-party testimony concerning out-of-court statements made by the children without making a finding of "sufficient indicia of reliability" as required by the statute. We disagree. "[W]e have held that it is implicit in the [trial court's] admission of statements pursuant to OCGA § 24-3-16 that the trial court made the necessary finding [of sufficient indicia of reliability]." *Calloway v. State,* 202 Ga. App. 816 (415 SE2d 533) (1992); see also *Windom v. State,* 187 Ga. App. 18, 19 (2) (369 SE2d

311) (1988).

6. In a related enumeration, he claims the trial court erred in allowing Harmon to testify that Joshua told her Robby put his finger in his butt and touched his private in front and that he saw Robby put his finger in Jonathon's butt. Harmon's testimony that Joshua told her Robby had molested him was properly admitted under OCGA § 24-3-16. Even assuming Harmon's testimony that Joshua told her he saw Robby molest Jonathon was not permissible under this section, the admission of this testimony was harmless error since it was cumulative of other testimony presented at trial. See *Kelly v. State*, 197 Ga. App. 811, 814 (3) (399 SE2d 568) (1990).

7. The next enumeration is that the trial court erred in admitting the testimony of an investigator that the grandfather told him that he and Roberson were involved in a homosexual relationship. Roberson objected to the testimony as hearsay which the trial court overruled because the grandfather had already testified to the relationship. Even assuming the investigator's testimony was inadmissible hearsay, we find no reversible error since "[e]vidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence. [Cits.]" *Lynn v. State*, 181 Ga. App. 461, 464 (2) (352 SE2d 602) (1987).

8. Roberson claims the trial court erred in allowing the emergency room physician to answer a hypothetical question which assumed facts not in evidence. On redirect, the prosecutor asked the doctor whether conducting a rectal examination of a child using a sanitary glove and lubrication would likely cause an inflammation of the rectal area. The doctor responded that it should not. Roberson claims this testimony was prejudicial because it implied that unlawful insertion of a dirty finger could cause such inflammation. We find no error here since defense counsel himself asked the doctor a similar question on cross-examination. In any event, the fact that an expert's opinion may be based in part on facts not in evidence goes to its weight, not its admissibility. *Krause v. Vance*, 207 Ga. App. 615, 616 (1) (428 SE2d 595) (1993).

9. In his next enumeration, Roberson argues the trial court erred in allowing the State to ask a character witness whether she would still believe Roberson's character was good if it was proved to her that he had in fact molested the two boys. We have held that it is not error to allow the State to pose such a hypothetical question to a character witness on cross-examination. See *Mathis v. State*, 175 Ga. App. 127, 128 (4) (333 SE2d 10) (1985); see also *Franklin v. State*, 230 Ga. 291, 292 (1) (196 SE2d 845) (1973).

10. Roberson argues it was error to refuse to give one of his jury instructions on the competency of the children to testify. We find no error in the refusal to give the charge as it contained an incorrect

statement of the law concerning the competency of child witnesses. See OCGA § 24-9-5 (b); *Syfrett v. State*, 210 Ga. App. 185, 189 (7) (435 SE2d 470) (1993). To the extent the charge dealt with the childrens' credibility, that portion of the charge was adequately covered in the trial court's charge on witness credibility. See id.

11. In his last enumeration, Roberson contends the trial court erred in charging the jury from Volume 2 of the Suggested Pattern Jury Instructions for Criminal Cases that direct evidence includes exhibits admitted during trial. He argues the charge was confusing because it instructed the jury that exhibits are direct evidence pointing immediately to the question at issue (his guilt of the crimes charged) when, in actuality, exhibits are real or physical evidence which may or may not be direct evidence. Although Roberson does not target any particular exhibits, he appears to argue that several of the exhibits admitted (which included magazine pictures showing men engaged in homosexual activity) were not direct evidence but circumstantial evidence which did not point immediately to his guilt.

The trial court charged the jury as follows: "As to direct evidence, ladies and gentlemen, that is the testimony given by a witness who has seen, or who has heard the facts to which he has testified. It includes any exhibits that have been admitted during the trial of the case. It is that evidence which points immediately to the question at issue." This charge is a correct statement of the general law and a charge on direct evidence was warranted. *Moore v. State*, 202 Ga. App. 476, 481 (3) (414 SE2d 705) (1992). Although this charge could be worded better, we read it to say direct evidence includes exhibits admitted during the trial to the extent they point immediately to the question at issue. We thus find no error in the charge as given. In any event, we do agree that the jury could have been confused by this charge since the trial court also charged on the definition of indirect or circumstantial evidence from the pattern jury instructions. We thus find this enumeration to be without merit. See *French v. State*, 198 Ga. App. 210, 211 (5) (401 SE2d 67) (1990), rev'd on other grounds, 261 Ga. 424 (405 SE2d 35) (1991).

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 12, 1994 —
RECONSIDERATION DENIED JULY 28, 1994 — ▮▮▮▮▮▮▮

*Wallace & Moss, Howard P. Wallace*, for appellant.

*Johnnie H. Caldwell, Jr., District Attorney, William T. Mc-Broom III, Assistant District Attorney*, for appellee.