## S02A0780. KARRAS v. THE STATE.
(563 SE2d 870)

HUNSTEIN, Justice.

Appellant Ted Karras was convicted of malice murder and burglary in the stabbing death of Douglas Beach.[1] Appellant appeals from the denial of his motion for new trial and we affirm.

1. The evidence presented at trial authorized the jury to find that in the early morning of January 4, 1998, appellant went to the home of his ex-wife, pushed his way into the home and fatally stabbed Beach. Viewed in the light most favorable to the verdict, we find the evidence was sufficient to convict appellant of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. When police arrived at the crime scene, appellant was read his *Miranda* rights and placed in a police vehicle. Although he was not questioned by police, appellant made several spontaneous statements at that time to the effect that he warned his ex-wife what would happen if he found Beach in the house. After an unsuccessful attempt to locate the knife used in the attack, police asked appellant if he would talk to them and tell them where it was. Appellant agreed, told an officer the knife was under the seat of his car, and consented to a search of his vehicle. The knife was found under the seat in appellant's car.

When Detective Adams arrived at the scene, he was told that appellant had been advised of his *Miranda* rights. Adams asked appellant if he wished to speak to him. Appellant said no and for the first time asked to speak to an attorney. All questioning thereafter ceased and appellant was transported to the police station for booking. There, appellant asked Detective Adams if Beach had died and was informed that he had. Appellant stated, "I don't know what happened, I was mad," and "All I remember is I looked down and saw my hands covered in blood and my knife was, too." Detective Adams told appellant that because he had requested an attorney police could not question him, but if appellant wanted to talk he could fill out a request form. Later that night, appellant asked to speak with Adams. In response to appellant's request, Adams met with appellant and

---

[1] The crimes occurred on January 4, 1998. Karras was indicted by the Liberty County grand jury on September 22, 1998 for malice murder and burglary. He was tried and convicted of both charges on January 26, 1999, and sentenced to life imprisonment for malice murder and 20 consecutive years for the burglary charge. A motion for new trial filed on February 8, 1999 and amended on June 11, 1999 was denied on January 9, 2002. Karras's premature notice of appeal, filed on January 4, 2002, while the motion for new trial was pending, ripened upon the filing of the trial court's order denying the amended motion for new trial. See *McCulley v. State*, 273 Ga. 40, 43, n. 3 (537 SE2d 340) (2000). The appeal was docketed in this Court on February 7, 2002 and submitted for decision on the briefs.

again reminded him that he had asked for an attorney and that Adams could not ask him any questions, but if appellant wanted to talk that was his business. Appellant proceeded to make several additional inculpatory statements.

Appellant contends the trial court erred in admitting into evidence his statements made after he invoked his rights at the crime scene. Under *Edwards v. Arizona*, 451 U. S. 477, 485-486 (101 SC 1880, 68 LE2d 378) (1981), police may not interrogate a defendant who has invoked his right to counsel until counsel has been made available to him unless the defendant initiates further discussion with police and knowingly and intelligently waives the right he had invoked. See *Byrd v. State*, 261 Ga. 202 (2) (403 SE2d 38) (1991). Here, the record clearly demonstrates that appellant's statements were voluntarily made after he initiated further discussion with police and were not in response to any police interrogation. See *Edwards*, 451 U. S. at 485-486; *Haynes v. State*, 269 Ga. 181 (4) (496 SE2d 721) (1998); *York v. State*, 242 Ga. App. 281 (6) (528 SE2d 823) (2000). Accordingly, we find no error in the trial court's admission of the statements into evidence.

3. The trial court did not abuse its discretion in allowing the State to ask appellant's character witness a hypothetical question which included facts offered in evidence by the State against appellant. See *Franklin v. State*, 230 Ga. 291 (1) (196 SE2d 845) (1973); *Roberson v. State*, 214 Ga. App. 208 (9) (447 SE2d 640) (1994); *Mathis v. State*, 175 Ga. App. 127 (4) (333 SE2d 10) (1985).

4. Appellant contends the trial court erred in allowing into evidence photographs of the victim at the crime scene and before autopsy. We find no error. "Pre-autopsy photographs of a murder victim are generally admissible if they show the nature and extent of the wounds and the relation of the body to other crime scene evidence." *Heidler v. State*, 273 Ga. 54, 59 (6) (537 SE2d 44) (2000). The photographs admitted were relevant to prove the identity of the victim and accurately depicted the locations and nature of the victim's wounds.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 2002.

*John E. Pirkle*, for appellant.

*J. Thomas Durden, Jr.*, District Attorney, *Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.