A97A2281. TENANT v. THE STATE.
(492 SE2d 909)

ELDRIDGE, Judge.
Appellant John Ray Tenant was charged in a five-count indictment, 94-RCCR-71, with false imprisonment, aggravated sodomy, and rape against one female victim ("victim A") on July 10, 1993, and with kidnapping and criminal attempt to commit aggravated sodomy against another female victim ("victim B") on October 22, 1993. The two incidents were severed for trial, and the latter charges were tried first. The jury acquitted appellant of kidnapping but convicted him of criminal attempt to commit aggravated sodomy. This Court affirmed

appellant's conviction. *Tenant v. State*, 218 Ga. App. 620 (462 SE2d 783) (1995). Tenant was tried on the remaining counts of the indictment, and a Richmond County jury found him guilty on all three counts: rape, aggravated sodomy, and false imprisonment. Tenant now appeals the results of this second jury trial. *Held*:

In his sole enumeration of error, appellant does not challenge the *sufficiency* of the state's similar transaction notice. Instead, appellant contends that "It is beyond dispute from the facts of this record that *no* notice was given in this case"; appellant alleges error pursuant to Uniform Superior Court Rule 31.3.

While appellant is correct that the record of his second trial under Indictment 94-RCCR-71 is slim, indeed, and contains no notice of the state's intent to introduce similar transactions, we take judicial notice of the prior proceedings before this Court pursuant to Indictment 94-RCCR-71 and affirm appellant's conviction.[1]

Prior to the severance of the counts in Indictment 94-RCCR-71 and pursuant to USCR 31.1 and 31.3, the state filed notice of its intent to introduce similar transaction evidence. The sufficiency of this notice was never challenged and is not challenged herein. The state's intent was to introduce evidence of the offenses against the two victims named in the indictment as "similar transaction evidence," as well as substantive evidence; in this way the jury could consider evidence of the offenses against one victim in ascertaining appellant's guilt as to the offenses against the other victim. In addition, the state's intent was to introduce similar transaction evidence of appellant's prior 1977 rape and kidnapping convictions.

A USCR 31.3 hearing was held with regard to the similarity and admissibility of the noticed offenses. Following the hearing and based upon an unrelated matter, the presiding judge severed the counts of the indictment involving each of the victims. The presiding judge left the final ruling regarding the admissibility of the similar transaction evidence to the judge who would try the case. The state then proceeded to trial on the counts relating to victim B.

Immediately prior to this first trial, the similar transaction issue was raised before the trial court, and another hearing was held. The trial judge ruled that the state's similar transaction evidence was admissible. The correctness of this admissibility ruling has never been challenged and is not challenged herein. The offenses against victim A and the 1977 offenses were introduced against appellant during the trial of the crimes against victim B.

---

[1] The record and transcript of appellant's first trial in 1995 are no longer before this Court. However, we take judicial notice of the briefs of the parties in the prior appeal, which remain before us, as well as our factual and legal determinations as to the issues raised in the prior appeal. See *Kinney v. State*, 223 Ga. App. 418 (477 SE2d 843) (1996).

Following appellant's conviction in the first trial, the state proceeded to try the remaining counts involving victim A. In voir dire the prosecutor made reference to the similar transaction victims. The appellant objected, stating that he had "no notice" that the state intended to introduce evidence of similar transactions in the trial of the crimes against victim A. Appellant argued that the only notice provided was with regard to the introduction of similar transactions in the prior trial of offenses against victim B. This is the enumeration of error that is before us now.

(a) The similar transaction notice was filed under Indictment 94-RCCR-71 prior to the severance of the counts. It was sufficient as to all counts contained therein, and it notified appellant of the state's intent with regard to the introduction of similar transaction evidence under that indictment. After proper notice is filed pursuant to USCR 31.3 and a hearing is held thereon, the state is not required to re-file such notice simply because the counts of the indictment are subsequently severed, when the case is still proceeding pursuant to the same indictment under which the notice was filed in the first place.

Further, appellant was well aware of the state's intent with regard to the similar transaction evidence, as witnessed by his filing of a motion in limine immediately prior to the second trial with regard to such evidence. "[T]he purpose of Uniform Superior Court Rule 31.3 is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial. Because it is undisputed that prior to the first hearing Tenant had notice of the State's intention to use the evidence and he was fully aware of how the court intended to address the State's motion, Tenant was not harmed by the lack of any subsequent notice." (Citations and punctuation omitted.) *Tenant*, supra at 621 (2).

(b) Appellant alleges that the prosecutor failed to identify an appropriate purpose for the introduction of the similar transaction evidence which resulted in the trial court's failure to properly limit the jury's consideration of such evidence. See, e.g., *Rodriguez v. State*, 211 Ga. App. 256 (439 SE2d 510) (1993). However, appellant has not provided us with a transcript of the similar transaction hearings held under Indictment 94-RCCR-71.[2] "It is the burden of the complaining party . . . to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate

---

[2] At the second trial, both the state and appellant made numerous references to the judges' comments allegedly made during the previous similar transaction hearings; there is no evidentiary support before this Court for any of the quotes attributed to the judges who previously heard the similar transaction matters.

court to review." (Citations and punctuation omitted.) *Wright v. State*, 215 Ga. App. 569, 570 (2) (452 SE2d 118) (1994). Moreover, "[t]he presumption is in favor of the regularity and legality of all proceedings in the [court below]." *Grinad v. State*, 34 Ga. 270, hn. 1 (1866); *Newton v. Newton*, 222 Ga. 175 (149 SE2d 128) (1966). In this case, the trial court charged the jury that the similar transaction evidence was to be considered for the limited purpose of showing "identity," "state of mind," and "knowledge or intent." As the trial court's charge named appropriate purposes for the introduction of such evidence under *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), no error has been shown. Id. at 642.

(c) The objection raised by appellant at trial was with regard to the state's alleged failure to provide adequate *notice*. Appellant did not contend at trial, as he does before this Court, that "no pre-trial hearing was held" pursuant to USCR 31.3. In addition, appellant did not contend in the court below that the procedures of *Williams*, supra, were not followed during the similar transaction hearings. To the extent that the enumeration of error alleged before this Court may be read to encompass these additional contentions, we will not consider them. *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275) (1993); *Cole v. State*, 211 Ga. App. 236, 238 (438 SE2d 694) (1993).

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED OCTOBER 23, 1997.

*Garrett & Gilliard, Michael C. Garrett, Melissa S. Padgett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.