A98A0387. DAVIDSON v. THE STATE.
(501 SE2d 510)

BEASLEY, Judge.

Davidson appeals his conviction of child molestation. OCGA § 16-6-4.

State's evidence showed that a 15-year-old student rode to high school with Davidson's son. On the day in question, the youth appeared at Davidson's house before school. He was greeted by Davidson, who invited him into the kitchen for a cup of coffee. As the youth was standing in the kitchen telling Davidson that he was upset because his girl friend was having an operation, Davidson rubbed his hand against the youth's penis and said if "[y]ou need anyone to suck that, come to see him." The victim became upset and moved away. When Davidson approached a second time and again touched the penis, the victim grabbed a razor blade and threatened Davidson with it. Davidson threw his hands in the air and said, "if you don't want anything, it's over."

When the youth got to school, he became very upset and told his teacher what had happened. His parents, the Department of Family & Children Services, and law enforcement authorities were notified.

1. Davidson contends the trial court erred by allowing evidence of similar transactions because notice of the State's intent to introduce such evidence was not timely given pursuant to Uniform Superior Court Rule 31.1.

" 'Although Rule 31.1 requires the notice to be filed at least 10 days before the trial, it authorizes the exercise of a trial court's discretion by providing that the trial court may shorten or lengthen the time for compliance with the rule. (Cit.)' [Cits.]"[1] The purpose of requiring notice is to enable the defendant to resolve questions regarding admissibility of such evidence before trial.[2] "The rule clearly presupposes that the State's failure to comply with the rule will result in harm to the defendant by failing to give him adequate notice of the similar transactions sought to be used by the State. Consequently, non-compliance with the rule puts the burden on the State to prove that its violation of the rule's requirements did not harm the defendant."[3]

Davidson's trial began on Tuesday, December 10. After business hours on the preceding Tuesday, defense counsel received a facsimile transmittal notifying him of the State's intent to present evidence of similar transactions. He objected at trial because of untimely notice. The State sought to show defendant had not been prejudiced for two reasons: defense counsel had investigated the similar transaction after being made aware of it when the district attorney first consulted with Davidson on April 30; at arraignment on November 25, counsel was informed the State was investigating similar transactions for the purpose of determining any guilty plea sentence recommendation. These circumstances justified rejection, in the trial court's discretion, of Davidson's claims of prejudice, considering also that "[h]ad service of the notice been accomplished by mail, it would have been complete upon mailing notwithstanding the date of receipt, even though actual notice would have been . . . closer to trial. [Cit.]"[4]

2. The next question is whether the court erred in limiting cross-examination of witnesses on the state of mind, use of drugs, and psychiatric treatment of the victim. Davidson cites as supportive the cases of *Greene v. Wainwright*,[5] *United States v. Lindstrom*,[6] and *Hines v. State*.[7] *Hines* is not on point.

---

[1] *McFarren v. State*, 210 Ga. App. 889, 891 (2) (437 SE2d 869) (1993).

[2] *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1987).

[3] *Todd v. State*, 189 Ga. App. 538, 539 (1) (376 SE2d 917) (1988).

[4] *Willis v. State*, 202 Ga. App. 447, 449 (2) (414 SE2d 681) (1992) (physical precedent only).

[5] 634 F2d 272 (5th Cir. 1981).

[6] 698 F2d 1154 (11th Cir. 1983).

[7] 249 Ga. 257, 259 (2) (290 SE2d 911) (1982).

Outside the jury's presence, defense counsel elicited testimony from the victim that, at some time prior to the charged incident, he had engaged in behavior such as locking himself in his room and cutting himself with a razor blade. As a result, he was treated by a psychiatrist who diagnosed a depression-causing chemical disorder and prescribed the drug Zoloft, which corrected the chemical imbalance. The youth testified that when molested by Davidson, he was still being treated by the psychiatrist and taking the medication, but his treatment was not related to the molestation and, when it occurred, his condition was under control. For the latter reasons, the court ruled that these matters did not appear relevant and refused to allow cross-examination on these subjects unless defendant could present an expert witness to testify that the victim's "situation had some impact on what he said." When defendant sought to cross-examine the youth's special education teacher concerning any prior behavior of the youth to get attention, the State's objection was sustained.

In *Greene*, the trial court prohibited defendant from engaging in any inquiry concerning the key prosecution witness' mental condition and certain bizarre criminal actions in which he was involved at or about the time Greene allegedly committed the crime charged.[8] The Fifth Circuit held that this restriction on defendant's right of cross-examination deprived him of his constitutional right of confrontation, in that defendant should have been allowed to inform the jury the witness may have been testifying to avoid prosecution for other illegal activities and of his mental incapacity at a time about which he was testifying.

The defendants in *Lindstrom* sought to inform the jury of the psychiatric history and criminal behavior of the key prosecution witness, in order to show a pattern of conduct involving vendettas by her against people who had crossed her, and that her current pursuit of the charges being tried constituted another vendetta arising from her mental illness. The court refused to allow the defense to engage in virtually any cross-examination of the witness on these subjects. The Eleventh Circuit reversed the conviction on the authority of *Greene*, noting that "[c]ertain forms of mental disorder have high probative value on the issue of credibility."[9]

*Greene* and *Lindstrom* are distinguishable from Davidson's case. In those cases, defendants established the relevance of the witness' criminal behavior and mental condition. Here, neither the abnormal prior actions of the youth nor his psychiatric treatment or use of prescription drugs had any relevance to the charges against Davidson.

---

[8] See *Bobo v. State*, 256 Ga. 357, 359 (3) (349 SE2d 690) (1986).
[9] 698 F2d at 1160.

Moreover, in this case, unlike *Greene* and *Lindstrom*, the court did not impose an absolute prohibition. Instead it required a showing of relevance and probative value by way of expert testimony that the youth's condition affected the credibility of his allegations against Davidson. Although Davidson then subpoenaed a psychologist who was responsible for assigning the youth to special education, he chose not to have him testify.

The court's ruling did not contravene OCGA § 24-9-64, the Georgia Constitution (Art. I, Sec. I, Par. XIV), or the Sixth Amendment. "[W]here a trial court determines that proposed cross-examination would induce irrelevant testimony, the court does not abuse its discretion in denying such questioning. [Cit.]"[10]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 1, 1998 —
RECONSIDERATION DENIED APRIL 15, 1998 —

*Michael E. Garner*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.

