## A99A1011. BEAN v. THE STATE.
(521 SE2d 19)

JOHNSON, Chief Judge.

This appeal from convictions of child molestation and furnishing alcohol to a minor challenges the sufficiency of the state's notice of its intent to introduce similar transaction evidence, the court's rulings on the scope of cross-examination of state witnesses, and the jury charges on similar transactions and child molestation. We find no reversible error by the trial court and therefore affirm the convictions.

Charles Bean was indicted for child molestation by masturbating in the presence of the victim, sodomy by placing his mouth on the victim's penis, aggravated child molestation also for placing his mouth on the victim's penis, interference with child custody and furnishing alcohol to a minor. Bean denied the charges, and the case was set for a jury trial. Before trial, the court dismissed the charge of interfering with child custody.

The case proceeded to trial on the remaining charges. The victim testified that when he was 11, Bean touched his "private parts." He

further testified that when he was 15, Bean gave him beer, played games of "strip pool" with him during which the loser of each game had to remove his clothes, sat naked with him in a hot tub, showed him a pornographic movie, fondled the victim's penis, performed oral sex on him and masturbated in front of him.

The state presented two similar transaction witnesses. The first witness testified that when he was 21, Bean played a game of "strip pool" with him, sat nude with him in Bean's hot tub, showed him his penis, and asked if the witness wanted to watch a pornographic movie and masturbate. The other witness testified that when he was 13, Bean asked him to play "strip pool" and twice touched his penis.

Bean presented witnesses who testified about his good character and reputation for honesty. Bean then testified, denying the allegations of the victim and the similar transaction witnesses regarding his sexual conduct with them. He further claimed that he did not provide alcohol to the victim.

The state then introduced a rebuttal witness who testified that when he was 16, he spent the night at Bean's house. Bean insisted that the teenager sleep in the same bed with Bean. During the night Bean touched the teenager's penis and placed the teenager's hand on Bean's penis.

The jury returned its verdict, finding Bean guilty of child molestation and of furnishing alcohol to the victim, but not guilty of the remaining charges. The court sentenced Bean to serve ten years in prison followed by ten years on probation for child molestation, with a concurrent sentence of twelve months imprisonment for furnishing alcohol to a minor. Bean appeals from his convictions.

1. Bean argues the court erred in allowing the victim to testify that Bean touched his penis when he was 11 because the state had not given Bean notice, as required by Uniform Superior Court Rules 31.1 and 31.3, of its intention to introduce this similar transaction evidence.[1] The Supreme Court has ruled that USCR 31.1 and 31.3 do not apply to instances of prior difficulties between a defendant and a victim. *Wall v. State*, 269 Ga. 506, 507-509 (2) (500 SE2d 904) (1998). Bean's argument is therefore without merit. See *Smith v. State*, 270 Ga. 123, 124 (2) (508 SE2d 173) (1998).

Moreover, it is apparent from the record that Bean was not surprised by the victim's testimony because Bean filed a motion in limine to exclude testimony by the victim that Bean had molested him several years before the molestation charged in this case. Absent

---

[1] Bean's enumeration of error violates OCGA § 5-6-40 by asserting other errors in addition to the allegedly deficient notice. We exercise our discretion by declining to review these multiple claims of error argued in a single enumeration. See *White v. State*, 221 Ga. App. 860, 861 (1) (473 SE2d 539) (1996).

harm, Bean has shown no reversible error in the admission of the testimony. See *Martin v. State*, 219 Ga. App. 277, 280 (2) (b) (464 SE2d 872) (1995).

2. Bean complains that the court should not have allowed the two similar transaction witnesses to testify because the state failed to give him proper notice of its intention to introduce such testimony.[2] The complaint is without merit.

The purpose of requiring the state to give notice of its intention to introduce evidence of similar transactions is to provide the defendant an opportunity to raise questions of the admissibility of such evidence before trial. *Davidson v. State*, 232 Ga. App. 250, 251 (1) (501 SE2d 510) (1998); *Tenant v. State*, 229 Ga. App. 20, 22 (a) (492 SE2d 909) (1997) (physical precedent). In the instant case, the purpose of the notice requirement was fulfilled because Bean had sufficient notice and opportunity to raise his questions regarding the admissibility of the similar transaction evidence before trial.

The state gave Bean written notice more than ten days before trial of its intention to present evidence from the first similar transaction witness regarding Bean's solicitation of mutual masturbation in September 1996 and from the second witness regarding incidents of child molestation by Bean from 1979 through 1982. Bean then filed a motion in limine regarding the similar transaction testimony. In his motion, Bean expressly referred to a law enforcement investigator's written summaries of interviews he had conducted with both witnesses. Bean stated in his motion in limine that the first witness told the investigator that Bean had suggested that they watch pornographic tapes and masturbate, and that Bean had shown him his penis. Bean further stated in his motion in limine that the second witness claimed that when he was thirteen, Bean, amongst other things, had touched his penis two or three times. Thereafter, at the similar transaction hearing, the prosecutor made proffers of the witnesses' expected testimony that were almost identical to Bean's motion in limine summaries of the statements of the witnesses.

As evidenced by his motion in limine, Bean was fully aware of the details of the similar transaction witnesses' allegations, he had an opportunity to challenge the admissibility of their testimony before trial, and he was not surprised or unfairly prejudiced by the testimony at trial. See *Parrish v. State*, 237 Ga. App. 274, 279-280 (4) (514 SE2d 458) (1999); *Tenant*, supra. The trial court therefore did not err in allowing the similar transaction evidence.

3. Bean asserts that, even though the court charged the jury on

---

[2] In his enumerations of error regarding the sufficiency of the state's similar transaction notice, Bean again argues additional errors, which we shall not review. See *White*, supra.

the limited purpose of the similar transaction testimony as part of its general charge at the end of the trial, the court erred in not giving such a charge contemporaneous with the admission of the similar transaction testimony. Bean claims he requested such a contemporaneous charge and cites his motion in limine in support of that claim. While Bean's motion in limine does request a similar transaction jury charge, it does not ask that the court give the charge contemporaneously with the admission of the evidence. Moreover, our review of the trial transcript of the two similar transaction witnesses' testimony reveals that Bean did not request a contemporaneous charge before, during or after their testimony. Thus, contrary to Bean's assertion, it does not appear he ever requested that the court give a similar transaction charge contemporaneous with the admission of such evidence.

The Supreme Court has expressly ruled that absent a request for a contemporaneous charge, the trial court's failure to give such a charge is not error. See *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998); *State v. Belt*, 269 Ga. 763, 765 (505 SE2d 1) (1998). The trial court in this case therefore did not err in failing to charge the jury on the limited purpose of the similar transaction testimony at the time the testimony was admitted. See *Stone v. State*, 236 Ga. App. 365, 366-367 (2) (511 SE2d 915) (1999); *Rehberger v. State*, 235 Ga. App. 827, 830 (3) (510 SE2d 594) (1998).

4. Bean contends the court improperly ruled that he could not cross-examine the victim about a pending juvenile court proceeding which could have revealed the victim's motive in testifying against Bean. We disagree.

The court ruled that Bean should not refer to the victim's juvenile delinquency record, but that he could ask the victim if the state had promised him anything in exchange for his testimony. Thereafter, the court allowed Bean to elicit testimony from the victim that he had gone to Bean's house to avoid going to a juvenile court probation revocation hearing. Bean also was permitted to ask the victim if the police, while questioning him in a youth detention facility, promised him leniency, immunity or any other help in exchange for his testimony against Bean.

Contrary to Bean's contentions, the court correctly ruled that the victim's juvenile delinquency record could not be used to impeach him. See *Smith v. State*, 270 Ga. 240, 244 (5) (510 SE2d 1) (1998); *McBee v. State*, 210 Ga. App. 182 (1) (435 SE2d 469) (1993). Moreover, the court did not impede Bean's ability to question the victim about his possible bias or motive for his testimony, but plainly allowed such questioning. We therefore find no error.

5. Bean contends the court erred in not allowing him to cross-examine the first similar transaction witness about a theft charge pending against him. When Bean attempted to question the witness

about the pending charge, the court sustained the state's objection to the question and rejected Bean's assertion that he wanted to explore the witness' motive to testify on behalf of the state. This ruling was error.

> A criminal defendant's right of confrontation includes the right to cross-examine a key State witness concerning pending criminal charges against the witness. In addition to the general right to impeach the witness by proof of prior criminal convictions, the defendant is entitled to make a more particular attack on the witness' credibility by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness.

(Citations and punctuation omitted.) *Hurston v. State*, 206 Ga. App. 570, 573 (3) (426 SE2d 196) (1992) (physical precedent).

However, given the testimony of the victim, the other similar transaction witness, and the state's rebuttal witness, we find that there is overwhelming evidence of Bean's guilt and that the court's error was therefore harmless. See *Garcia v. State*, 267 Ga. 257, 259 (7) (477 SE2d 112) (1996); *Byrd v. State*, 262 Ga. 426, 428 (2) (420 SE2d 748) (1992).

6. Bean also argues the court improperly refused to allow him to question the other similar transaction witness about his motive for testifying in light of criminal charges pending against him. Although Bean claims that the court made this ruling when passing on the state's motion in limine, it is not apparent to us that such a ruling as to this witness was ever made.

At the start of the trial the court heard the parties' arguments on the state's motion asking that any attempts by Bean to impeach the state's witnesses be done through the introduction of certified copies of prior convictions and not by reference to arrest records. The parties' arguments focused on the juvenile victim and his juvenile record. At no time during the arguments did Bean claim that the second similar transaction witness had criminal charges pending against him about which Bean wanted to cross-examine him in order to show bias or motive in favor of the state. Rather, Bean argued only about the proper use of the juvenile victim's record. After the parties' arguments, the court issued its ruling as to the juvenile's record, as discussed above in Division 4, and further stated, "on the grown folks, you'd clearly have to show an adjudication there."

Based on the arguments made to the judge, we find that this statement was simply a correct ruling that in order to impeach a witness by showing general bad character a party must introduce evidence of the witness' conviction and may not rely on evidence of an

arrest or pending charge. See *King v. State*, 194 Ga. App. 770 (1) (391 SE2d 769) (1990). Because Bean had not argued to the judge that he wanted to explore the witness' motives for testifying due to some pending criminal charge, we cannot construe the judge's statement as somehow precluding Bean from questioning the witness about his motives.

Moreover, we note that when this witness testified, Bean made no effort to cross-examine him about any pending criminal charges. Consequently, Bean waived any argument on this issue not only by failing to suggest to the court that it was important to cross-examine the witness about pending charges to determine if he thought he had a reason to please the prosecution, but also by not attempting to question the witness about the charges. See *Isaac v. State*, 269 Ga. 875, 876 (2) (505 SE2d 480) (1998).

7. Bean complains that the court's jury charge on the statutory definition of child molestation was misleading because it failed to limit the jury's consideration only to the method of the crime alleged in the indictment. This complaint is without merit.

In addition to charging the jury on the definition of child molestation set forth in OCGA § 16-6-4 (a), the court read to the jurors the indictment charging Bean with child molestation by masturbating in the victim's presence, instructed the jurors that the state bears the burden of proving every allegation in the indictment, and instructed the jurors that they were authorized to find Bean guilty of child molestation only if the evidence showed beyond a reasonable doubt that he committed the offense as set out in the indictment.

Thus, contrary to Bean's complaint, the jury charge as a whole was correct, not misleading and limited the jury's consideration of the child molestation charge only to the manner alleged in the indictment. *Fuller v. State*, 211 Ga. App. 104, 105 (4) (438 SE2d 183) (1993); *Potts v. State*, 207 Ga. App. 863, 865 (1) (429 SE2d 526) (1993).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JUNE 30, 1999 —
RECONSIDERATION DENIED JULY 14, 1999.

William A. Adams, Jr., for appellant.
William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, for appellee.